Mo. Pac. R'y Co. v. John G. Howe.

(No. 2994.)

Appeal from Grayson County.    Opinion by Willson, J.

(*Transferred from Austin.*)

R. C. Foster and A. E. Wilkinson, for appellant.

No counsel appeared for appellee.

§ 197. *Amended pleading not permissible after the evidence is concluded; evidence must conform to allegations; case stated.*    Appellee recovered judgment against appellant for $603.50 damages for destruction of his

crops by fire escaping from appellant's engines.    On the
trial, when the evidence had been concluded and it had
been developed that a portion of the crops destroyed be-
longed at the time of their destruction to the tenants of
appellee, the court, over the objection of appellant, per-
mitted appellee to file a pleading alleging that, before
the institution of the suit, he had purchased from said
tenants their claim for damages to their said crops, etc.
Under this pleading, and the evidence, appellee recov-
ered for the damages to the crops of said tenants.    We
hold that the said pleading should not have .been per-
mitted.    It was made after announcement of ready for
trial, was not an amendment of the petition, or a trial
amendment, in accordance with the rules governing
amendments, and presented matters and issues not con-
tained in the original petition, and which were material.
To allow such a pleading was a violation of the statute
and of the rules of court governing pleadings, and to
tolerate such a violation would practically abolish our
system of pleading.    It would permit a party to conform
his allegations to his proof after his evidence had been
adduced, when the true rule is that his evidence must
conform to his allegations, and, unless it does, he cannot
recover. [R. S., art. 1192; Rules Dist. Ct. No. 13; Heflin
v. Burns, 70 Tex. 352; 2 Civil Cas. Ct. App., §§ 173, 368;
3 Civil Cas. Ct. App., § 64.]

    January 14, 1891.        Reversed and remanded.