FIRST NATIONAL BANK OF AUSTIN V. MARY SHARPE.

No. 1406.

**1. Marriage—Lex Loci—Indian Laws.**

A white man and a Creek Indian woman in the territory of that tribe agreed to and did live together as husband and wife, though without any marriage ceremony being performed, the man recognizing the woman as his wife and their daughter as his child. It was shown that the Creek Indians had no written laws concerning marriage and the above facts would show a valid marriage among them. Held, that such facts were sufficient to support a finding that they were legally married and the daughter entitled to inherit from her father upon his death.

**2. Pleading—Amendment after Testimony Closed.**

On an issue of lawfulness of marriage, the validity of which depended on laws and customs of the Creek Indians which had not been plead, it was not error to permit an amendment of plaintiff's petition, alleging such laws and customs, to be made after the evidence had been concluded and the question of pleading raised by counsel for defendant in argument.

**3. Res Judicata—Probate Proceedings—Heirship.**

An order probating a will is a proceeding in rem and binding as res judicata, as to the property devised thereby upon all persons; but is not an adjudication of heirship binding those not made parties to the proceeding as to property not devised.

**4. Same.**

Such judgment protected a bank which had paid over money of deceased to those adjudged in such proceeding to be his heirs against a suit for the recovery of the money by the true heir who was not made a party to the proceedings to probate the will.

APPEAL from District Court of Travis County. Tried below before Hon. JAS. H. ROBERTSON.

*Rector, Thomson & Rector,* for appellant.—1. The probating of the will of W. T. Patterson was a proceeding in rem, and the finding of the court in said proceeding, as to who the heirs of W. T. Patterson were, is binding and conclusive against all the world. Withers v. Patterson, 27 Texas, 498; Steele v. Renn, 50 Texas, 481; Orr v. O'Brien, 55 Texas, 156; McGowan v. Zimpleman, 53 Texas, 479; Thomas v. Bonnie Bros., 66 Texas, 638; Hardy v. Beaty, 84 Texas 568; Oldham v. McIver, 49 Texas, 565.

2. The laws and special customs having the force of laws of another State or territory must be pleaded. Dallam, 419 and 530; Bryant v. Kelton, 1 Texas, 436; Hill v. George, 5 Texas, 91; Armendiaz v. Serna, 40 Texas, 305; Faulk v. Faulk, 23 Texas, 665; Bishop on Marriage and Divorce, 1085-1108; Smith v. Smith, 1 Texas, 621.

3. The court has no discretion to allow a plaintiff to amend his pleading, after all the evidence is closed and he has closed his opening argument and defendant has asked for judgment on the ground that plaintiff has failed to make an allegation necessary to his recovery. Rev. Stat., Art. 1192; Contreras v. Haynes, 61 Texas, 105; Petty v. Lang, 81 Texas, 241.

*Walton & Hill,* for appellee.—1. The question of heirship was not and could not be an issue in the proceedings to probate the will of W. T. Patterson; but if it had been, only the judgment probating the will would have been binding. Sayles Dig., Art. 1847; 19 Am. and Eng. Encycl. Law, 181, 182; Steele v. Renn, 50 Texas, 482; Orr v. O'Brien, 55 Texas, 156.

2. If special allegation of custom or law of foreign jurisdiction was necessary, the court is vested with discretion to allow it to be made at any stage of the case, unless legal harm or hurt come to the adversary thereby. Presumptions, Nixon v. Wichita, etc., Co., 84 Texas, 411-12, and authorities cited. But if allegations necessary, then, in discretion of court, Railway Co. v. Goldberg, 68 Texas, 687, and authorities cited, viz: Parker v. Spencer, 61 Texas, 155; Obert v. Landa, 59 Texas, 475; Whitehead v. Foley, 28 Texas, 10. No time was asked to enable party to meet amendment. Collins v. Box, 40 Texas, 197; Tel. Co. v. Bowen, 84 Texas, 476. Error not to allow amendment when necessary to attain ends of justice, Greeley Burnham Co. v. Carter, 30 S. W. Rep., 487. Amendment allowed at any time when necessary to ends of justice. Railway v. Preston, 74 Texas, 184.

3. There was a valid marriage between the parents of appellee. Presumptions of marriage—Nixon v. Wichita, 84 Texas, 411. The court judicially knows that the tribal laws and customs of the Creek Indians were recognized by the United States government in 1840, and up to a late day, if not until now. 5 Wall. (U. S.), 760; Earl v. Godley, 44 N. W. Rep., 255; Kobogum v. Jackson Im. Co., 43 N. W. Rep., 605, and cases cited, and among them Jones v. Laney, 2 Texas, 347-8; Boyer v. Dively, 58 Mo., 510.

KEY, ASSOCIATE JUSTICE.—Appellee claims to be the legitimate child and sole heir of W. T. Patterson, deceased, and sues to recover money belonging to said Patterson and held on deposit by appellant at the time of his death.

Appellant admitted in its answer that at the time of Patterson's death, in June, 1891, he had on deposit with appellant the sum of two thousand dollars; and judgment was rendered against appellant for that amount with six per cent interest from March 9, 1894, the time the suit was commenced.

It was proven, and is not disputed, that appellee is a daughter and only child of W. T. Patterson, that her mother was an Indian woman, named Alcy; and the only question of fact in the case is whether or not she and Patterson were married at the time appellee was born, which was about the year 1848. At that time and prior thereto Mrs. Alcy, as she was called, was the surviving widow of a man named Atkins, who it appears went to California and died. Mrs. Alcy remained in the Creek Nation in the Indian Territory; and, though there is no positive proof of such an agreement, there is evidence tending to support the conclusion that W. T. Patterson and Mrs. Alcy, without having any marriage ceremony performed, agreed to become husband and wife, and the evidence is quite clear that they lived and cohabitated with each other for a considerable time before and after appellee was born, and publicly recognized and treated each other as husband and wife; that during that time, if Patterson did not entirely support Alcy and her child, he contributed largely to that end; and for years afterwards he acknowledged appellee to be his child, and contributed to her support. It was also shown that at the time in question the Creek Indians had no written laws concerning marriage and that, according to their customs and usages, the facts above recited would show a valid marriage. Such being the case, although there are some circumstances in evidence tending to show that it was not Patterson's intention to, and that he did not believe that he had legally married the woman Alcy, we cannot say that the court's finding on this issue is not correct.

After the evidence had been introduced, and while the defendant's counsel was replying to the opening argument of the plaintiff's counsel and contending that the plaintiff could not recover because she had not pleaded any customs and laws of the Creek Nation concerning marriage, the trial court allowed the plaintiff, over the defendant's objection, to amend her petition in that respect; and that ruling is assigned as error.

Notwithstanding the verbiage of the statute, and some decisions tending to support the objections that it was too late to amend, under the latest case by our Supreme Court that has come to our knowledge as well as some former decisions it was within the discretion of the court to allow the amendment; and the record does not disclose any abuse of discretion. W U. Telegraph Co. v. Bowen, 84 Texas, 477.

The fifth section of appellant's answer reads thus: "Further specially

answering herein the defendant says that at the time of the death of W. T. Patterson, on the ——— day of June, 1891, he had on deposit with defendant the sum of two thousand dollars and no more; that it refused to pay the same to any one until it had been established who were the heirs of said Patterson; that in two suits in the District Court of Travis county, Texas, it was determined who the heirs of said W. T. Patterson were, to-wit: in cause No. 10,393, G. M. Patterson v. Francis Patterson, and in cause No. 11,078, Estate of Wm. T. Patterson, probating the will of said Patterson; that after it was established in said causes who were the heirs of Wm. T. Patterson, it paid out said money to the parties so shown to be the heirs of said Patterson, and who are indeed his heirs." Then follows a statement of the sums paid out and when paid out to each of the parties so found to be his heirs, giving names of each. The District Court sustained an exception to so much of this plea as stated to whom and why appellant had paid the $2000 held by it for Patterson at the time of his death; and this ruling is assailed by appellant.

We do not understand counsel for appellant to contend that because it was proved and decided in the suit between G. M. Patterson and Francis Patterson that certain persons were the only heirs of W. T. Patterson, therefore appellee, though not a party to that suit, is estopped from showing the contrary; but the proposition relied on is stated thus in appellant's brief: "The probating of said will of W. T. Patterson was a proceeding in rem, and the finding of the court in said proceeding of who the heirs of W. T. Patterson were, is binding and conclusive against all the world."

We are not prepared to agree to this proposition, in its entirety. It may be conceded that a proceeding to probate a will is a proceeding in rem, as to all the property disposed of by the will; but it is not such a proceeding as to property not disposed of by the will, and therefore not involved in the probate proceeding.

If the plea had shown that the will of W. T. Patterson had been probated and that it devised the property here involved to some person other than appellee it would have presented a sustainable defense. As to property not devised, heirship cannot be established in a proceeding to probate a will.

But it is not claimed that the will, or the probate proceedings, had any reference to the subject matter of this suit; and therefore we think the plea was properly stricken out.

No reversible error has been pointed out, and therefore the judgment will be affirmed.                                              *Affirmed.*

Delivered January 15, 1896.

Writ of error refused.