### H. D. WHITE v. PROVIDENT NATIONAL BANK ET AL.

Decided December 11, 1901.

**1.—Amendment After Trial Begun.**

The right to amend pleadings after trial is entered on is not given by statute, and though it may be sometimes properly allowed in the discretion of the court, its action in striking out such amendment will not be revised unless an abuse of such discretion appears.

**2.—Fraudulent Conveyance—Innocent Purchaser.**

A conveyance of land can not be attacked for fraud on creditors, as against a subsequent innocent purchaser.

**3.—Mortgage—Judgment Lien.**

When the owner of land incumbered by mortgage transferred it to another against whom there was a recorded judgment in the county, the vendee assuming payment of the mortgage in consideration, and afterwards renewing the security with a renewal of the note by giving a mortgage himself, the security so given prevailed over the lien of the judgment and the rights of a purchaser under it at execution sale subsequently made.

Appeal from McLennan.  Tried below before Hon. Marshall Surratt.

The bank sued White and others for debt and foreclosure, and had judgment, from which White appealed.

*J. B. Scarborough,* for appellant.

*J. R. Downs* and *Sleeper & Kendall,* for appellee.

FISHER, CHIEF JUSTICE.—This is an action by the Provident National Bank, against E. J. Gurley, J. W. Taylor, E. W. Woodland, D. R. Gurley, and H. D. White, to recover against all of the above named parties, except White, judgment on a note for $2690.50, executed to the bank, and for foreclosure of a deed of trust on the property in controversy against all of the defendants.  It is alleged that all of the above named defendants, except White, were bound upon the note sued on and that a deed of trust was given upon the property described in the petition, which is the property in controversy, and judgment of foreclosure is asked against them and also against White on the ground that he is setting up some pretended claim to the property covered by the deed of trust.

E. J. Gurley, one of the defendants, filed a cross-action against H. D. White, seeking to cancel the title asserted by White to the property in controversy, setting up certain grounds therefor, and the bank joined in this proceeding.  Defendant White answered by general and special exceptions, general denial and plea of not guilty, and plea of res adjudicata, and set up title to the property in controversy by virtue of an execution issued on a judgment against E. J. Gurley, wherein White bought the same at sheriff's sale.  White also alleged that the property originally belonged to E. J. Gurley, and that a conveyance and deed to the same to D. R. Gurley was fraudulent and void as to the creditors of E. J. Gurley.  In addition to this averment, he filed a trial amendment, more specifically and fully alleging the fraud, but upon motion the trial amendment was stricken out.

The case was submitted to the jury upon special issues, and upon the verdict in response to the same the court rendered judgment in favor of the bank for the amount sued for, foreclosing the lien upon the property, from which judgment the appellant White has appealed.

We find that on the 20th of January, 1899, all of the defendants except White executed to the Provident National Bank a note for $2650, which was the note sued upon, and which was a renewal note for one of like amount of date August 21, 1898, also payable to said bank, and signed by the above named defendants, except White, which was secured by deed of trust of date August 4, 1898, executed by E. J. Gurley on the land in controversy.  The note and deed of trust above set out were given in renewal of notes and deeds of trust executed on the 13th day of February, 1892, for the same indebtedness sued upon, when at said

date D. R. Gurley executed a deed of trust on the property in controversy to secure the note, D. R. Gurley at the time being the owner of the land in controversy, holding the same under a judgment and execution sale against E. J. Gurley, wherein D. R. Gurley bought in the land in controversy, and the sheriff executed a deed to the same to him on October 7, 1890. This deed was recorded April 23, 1893. On August 3, 1898, by deed, D. R. Gurley sold to E. J. Gurley the land in controversy, wherein, in consideration for the same, E. J. Gurley agreed to pay the debt and note sued upon by the plaintiff and covered by the deed of trust previously executed by D. R. Gurley; and thereafter, in pursuance of this agreement, E. J. Gurley executed to the bank the deed of trust foreclosed by the judgment in this case.

Appellant White claims title through a judgment and execution sale against E. J. Gurley and others out of the District Court of Dallas County, in favor of the Texas National Bank, which judgment was on August 6, 1891, transferred to appellant White. Abstract of this judgment was recorded in McLennan County, where the land is situated, in January, 1896. On the 4th day of April, 1899, appellant White bought the land in controversy at execution sale, issued on the above described judgment, as the property of E. J. Gurley.

In the view that we take of the case, the above are all of the facts that we deem it necessary to make findings upon. However, the other issues of fact raised in the record are settled by the verdict of the jury. Appellant White, in his first amended answer, attacked the sheriff's deed above described as executed to D. R. Gurley, of date October 7, 1890, on the ground of fraud, the averments being to the effect that by reason of an understanding between D. R. Gurley and E. J. Gurley, D. R. Gurley bought the land in at execution sale, and the title was taken in his name for the purpose of misleading, deceiving, and defrauding the creditors of E. J. Gurley; and for this reason, the plaintiff had no valid and subsisting lien on the land by virtue of the deed of trust set up by it. There were no averments in the answer connecting the plaintiff with or making the plaintiff a party to this fraud, or that it had any notice of the same. White, evidently realizing that his answer in this respect was defective, filed a trial amendment after he had announced ready and after the court had proceeded with the trial, more fully pleading the grounds of attack upon this deed, and by averments charging the bank with notice, and connecting it with the fraud charged; but upon motion of the appellee bank, to the effect that the amendment came too late, and that for the reason that it would require the bank to file new pleading, and necessarily continue the case, the trial amendment was stricken out, and no new or additional amendment was thereafter filed by appellant White.

The judgment of the court in disposing of this trial amendment states as follows: "And thereupon all the parties announced ready for trial, and came a jury of twelve good and lawful men, duly impaneled and sworn, and the parties offered testimony in evidence, and the trial pro-

ceeded from day to day, and the 1st day of March the defendant asked leave of the court to file a trial amendment, which leave the court granted, and thereupon came on to be heard the exceptions of plaintiff to said trial amendment, and plaintiff's motion to strike out same, and the court having heard argument on said exceptions and motion to strike out, and being fully advised, considered that said exception and motion to strike out are well taken. It is therefore ordered, adjudged, and decreed by the court that said exceptions and motion to strike out the trial amendment of defendant H. D. White filed March 1, 1901, be and the same is hereby sustained, and the said trial amendment be and the same is hereby stricken out. To which defendant White in open court excepted."

The Revised Statutes provide that pleadings may be amended before trial, and it says not thereafter, and article 1189 in effect states that leave to amend may be given, and such amendment may be filed within a reasonable time before the case is called for trial, so as not to operate as a surprise to the opposite party. There are decisions to the effect that amendments may be filed after an announcement of ready for trial, but they are not based upon the ground that this is an absolute right conferred by the statute; but they are to the effect that the court may, within the exercise of its discretion, permit pleadings to be amended after an announcement of ready. It is impossible to determine from anything found in the record or the judgment of the court, that it abused its discretion in refusing to permit the trial amendment to be filed after the announcement of ready, and in sustaining the motion to strike out the same. It does appear from the judgment of the court that he passed upon and considered the motion to strike out; and, from aught that appears, statements and facts may have so been presented to the court as to convince it that filing the amendment at that state of the trial would result in an unreasonable delay, and possibly cause a continuance of the case. And the court may likewise have determined that the appellant was guilty of negligence or was lacking in diligence in not sooner filing the amendment. Therefore, we can not say that on this branch of the case there was any error in the judgment of the court in striking out the amendment. Such being the case, we must consider the facts in the record and dispose of the case without considering any issue of fraud being raised by the pleadings, as the averments of the amended original answer, so far as effecting the rights of the bank, were not sufficient upon this issue.

It is clear from the case as made by the pleadings and the evidence that the bank was a creditor of both E. J. and D. R. Gurley long before appellant White acquired his judgment lien on the property in controversy; and it is clear that the deed of trust was long before this time executed by D. R. Gurley on the land in controversy to secure this indebtedness. If that deed of trust, as insisted upon by appellant, was defectively acknowledged, and thereby its registration would not confer notice, it is clear that it was valid and binding as between the appellee

bank and D. R. Gurley. The amended answer does not charge that the bank had any notice, when it accepted this deed of trust, of any fraudulent purpose between D. R. and E. J. Gurley to defraud the creditors of E. J. Gurley at the time that D. R. Gurley acquired title in October, 1890, to the land in controversy; therefore it must be held that the issue of fraud, when confined to the averments of the original answer, were wholly insufficient, so far as the appellee bank is concerned. Such being the case, the judgment of the court can be maintained upon the facts as above found by this court.

The deed to D. R. Gurley was recorded the 23d day of April, 1893, and when White acquired his judgment lien in 1896 he was charged with notice of this title. When his judgment lien was recorded the land in controversy was not then the property of his judgment debtor, E. J. Gurley, but was the property of D. R. Gurley. This being the condition of the title, of course his judgment lien would not attach to the property in controversy. The deed from D. R. Gurley to E. J. Gurley, executed in August, 1898, recites the fact that, as a consideration for the same, E. J. Gurley agreed to pay the debt due the bank, for which D. R. Gurley was also liable and to secure which the deed of trust previously executed by him in 1892 had been given. Thus it is seen that the very instrument that lodged the title in E. J. Gurley charged the land in controversy with the debt due the bank evidenced by the previous deed of trust that had been executed by D. R. Gurley; and, such being the case, White could not successfully assert a superior right to the land in controversy, freed from the obligation assumed by Gurley as the consideration upon which he acquired title to the property. The deed of trust foreclosed by the bank was executed by E. J. Gurley in furtherance of this obligation.

This view of the case is sufficient to sustain the judgment of the trial court without the necessity of considering the other branch of the case as presented in the briefs. From what has been stated, it is clear that the evidence of fraud insisted upon by appellant, was not admissible, in so far as affecting the bank, there being no pleading upon which to base it.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.