HASTINGS et al. v. TOWNSEND, Co. Atty.

(Court of Civil Appeals of Texas. April 12, 1911.)

1. COUNTIES (§ 18*)—JUSTICE'S PRECINCTS—ALTERATIONS — EXTENT AND BOUNDARIES — STATUTORY PROVISIONS.

Under Const. 1876, art. 5, § 18, empowering the commissioners' court to divide a county into justice's precincts, an error in an order creating a justice's precinct as to the description of its boundaries may be corrected by another order sufficiently describing the boundaries and that some part of the territory which was formerly supposed to be, or actually was, within the boundaries of the old are omitted does not render the order irregular or invalid.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 17, 18; Dec. Dig. § 18.*]

2. COUNTIES (§ 18*) — ALTERATION OF PRECINCTS.

That certain persons living on land supposed to be within a justice's precinct, but which were omitted from an order of the commissioners' court changing the boundaries, so as to correctly define them, were deprived of the right to vote at a local option election does not render the precinct invalid and the election void, as the commissioners' court has the power to change the boundaries of a justice's precinct at will, and that omitted territory was not attached to any other precinct does not give parties living therein the right to be included in the precinct thus ordered.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 18.*]

3. APPEAL AND ERROR (§ 959*)—PLEADING (§ 236*)—AMENDMENT DURING TRIAL—REVIEW—DISCRETION.

It is within the sound discretion of the trial court to refuse to allow a party to file a trial amendment during the progress of a case, and such action will not be revised, unless an abuse of such discretion is shown.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3825–3833; Dec. Dig. § 959;* Pleading, Cent. Dig. § 601; Dec. Dig. § 236.*]

4. APPEAL AND ERROR (§ 984*)—REVIEW—DISCRETION—COSTS.

Under Rev. St. 1895, art. 1425, providing that the successful party shall recover all costs

of suit, except where otherwise provided by law, and article 1438, providing that the court may for good cause, to be stated on the record, adjudge the costs otherwise, etc., where the motion of plaintiff, who was cast in the suit, to retax the costs on the ground that the fees of a large number of witnesses summoned by defendant, and not used by either party, were erroneously taxed to plaintiff was denied, an assignment of error based thereon will not be considered, in the absence of a showing that the trial court's discretion was abused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3881–3888; Dec. Dig. § 984.*]

Appeal from District Court, Angelina County; James I. Perkins, Judge.

Proceedings by H. M. Hastings and others against Sam H. Townsend, County Attorney, to contest a local option election. From a judgment for defendant, contestants appeal. Affirmed.

Geo. G. Clough, Martin Feagin, and W. J. Townsend, for appellants. Mantooth & Collins and W. B. O'Quinn, for appellee.

McMEANS, J. This is an appeal from a judgment rendered in the district court of Angelina county, in favor of the contestee in a contest of a local option election held in justice precinct No. 6 of said county.

The trial judge, at the request of contestants, appellants here, filed his written findings of facts, which we find are fully sustained by the evidence, and which we here copy:

"(1) That a petition signed by the requisite number of qualified voters of justice precinct No. 6 was presented to the commissioners' court, praying for an election in said precinct to determine whether intoxicating liquors should be sold in said precinct. Said petition was regular in all respects.

"(2) That on same day, to wit, September 15, 1909, the commissioners' court acted favorably upon said petition, granting same and making its order duly entered on the minutes, ordering said election in conformity therewith. Said order was regular in form and substance, and complied fully with all the requirements in law, in this regard.

"(3) That on same day, to wit, September 15, 1909, and before the presentation and action upon said petition, the commissioners' court made and entered on its minutes an order fixing the boundaries of said justice precinct No. 6; such boundaries being found upon comparison to be identical with the boundaries set out in said petition for the election, and differing somewhat from the field notes and calls describing the boundaries of said justice precinct, as theretofore fixed by the former order of the commissioners' court, organizing said precinct.

"(4) I conclude from the circumstances that this revision of the boundaries of said justice precinct, while made before the former presentation of said petition or of action thereon, yet that same, and such revision of the boundaries, was suggested and prompted by the disclosure then made apparent to the court that the field notes and calls describing the boundaries of said justice precinct, as set forth in the then existing order describing the same, were grossly and perhaps fatally defective for want of certainty; said calls in the former order, in a number of instances, being so general that they were incapable of definite ascertainment and location. This defect in the sufficiency of said boundaries had apparently been discovered by the author of said petition, and therefore his effort, seemingly successful, to revise said boundaries, making them specific, and yet adhering as nearly as perhaps was practicable to the boundaries of the original precinct, as theretofore described.

"I find, however, as a fact, that there was a slight departure in the revised boundaries from those of the former, and that such departure cut out of the precinct a small amount of territory originally embraced within the line of said precinct; this territory, however, I find amounted to but a few hundred acres in a sparsely settled region, and contained but few inhabitants. I find that none of these inhabitants offered to vote in the election here contested, and further that, had the whole number of qualified voters residing in said territory offered to vote, and their votes been received and counted "Against Prohibition," they would not have been sufficient in number to have changed the result of the election, as ascertained and determined by the judgment here appealed from.

"(5) I find that, from an actual count of the ballots cast in the election here contested, upon the face of the count of all the ballots, there was a majority of five votes "For Prohibition."

"(6) I find that eleven (11) of said ballots cast "Against Prohibition" were cast by persons not qualified to vote in said election, by reason of their residence being outside of the limits of said precinct No. 6; said persons being the following, viz., John Rhodes, Frank Medford, Chas. Calvert, Homer Gaddis, Albert Parsons, J. M. Warren, J. C. Swan, G. W. Morrison. The following named persons had not resided in justice precinct No. 6 for six months preceding the election, namely, Frank Medford and Chas. Calvert.

"(7) I find that two persons, to wit, L. S. Yancey and Eugene Kimmey, offered to vote in said election and were not allowed to do so, and that they were qualified and entitled to vote in said election, and would have voted "Against Prohibition."

"(8) I find as a final and net result of said count of all the ballots, that, subtracting said 11 illegal votes cast "Against Prohibition" from the total votes cast "Against Prohibition" and adding thereto the two rejected votes that would have been cast "Against

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Prohibition," that the net result is: That there was a majority of fourteen (14) legal votes cast in the said election "For Prohibition."

Upon the foregoing findings of fact, the court concluded, as a matter of law, that the contestee was entitled to judgment, and accordingly entered judgment in his favor.

Appellants, by several assignments of error, attack in various ways the validity of the election held under the order of September 15, 1909; their main contention being that the order fixing the boundaries of precinct 6 was void, for the reason that part of the territory formerly embraced in the precinct was omitted and not attached to other precincts, and that thus persons living within the portion omitted were disfranchised because of the want of a voting place; that the precinct as established, not being a valid political subdivision of the county, the election in question was void, etc. These assignments relate directly or indirectly to the question of the validity of the order defining the boundaries of the precinct, and hence it would serve no useful purpose to discuss them in detail.

Section 18 of article 5, Constitution of 1876, empowers the commissioners' court to make proper division of a county into justice's precincts. In doing this, it is essential that the boundaries of each precinct be stated, so as to describe the territory constituting the precinct. An order undertaking to create a precinct, but which does not define its boundaries sufficiently to identify the territory embraced within it, would not be such a division as the law contemplates should be made.

[1] It follows, therefore, and this does not seem to be controverted by appellants, that the omission, in an order creating a justice precinct, of a description of the division thus attempted to be created, may be corrected by another order in which the boundaries given are sufficient to identify it. If, therefore, at the time of, but before the petition for, the election was presented and acted upon, the commissioners' court ascertained the boundaries of precinct 6, as theretofore established, were "grossly and perhaps fatally defective for want of certainty," it was not only within the power, but it was the duty, of the court to adopt an order correctly defining the boundaries. Having done this, the precinct became a valid subdivision of the county for all purposes under the law; and the fact that some portion of the territory formerly supposed to be, or actually within, the boundaries of the old are omitted does not in the least militate against the regularity and validity of the order establishing the precinct after its boundaries have been thus correctly defined.

[2] Nor can it avail appellants that certain persons living on the land supposed to be within the former boundaries of the precinct, but which was omitted by the last order, were deprived of the right to vote at the election in question. It appears to be the undoubted right of a commissioners' court to change the boundaries of justice's precincts at will, and it has been held that such courts may abolish a precinct and create a new precinct composed of the one abolished and a part of another, and that it was immaterial that the court did not at the time redistrict the whole county. State v. Rigsby, 17 Tex. Civ. App. 171, 43 S. W. 271. The territory omitted was not, it is true, attached to any other precinct; but the parties living in it had no more right to demand that they be included in precinct 6 than to be included in the precinct next adjoining, or any other. The court, in declaring what territory should constitute precinct 6, acted within its constitutional and legal rights, and when it defined the territory and decreed that it should constitute a precinct it thereby created a valid precinct, and of this action the contestants have no right to complain.

[3] We have examined all the assignments of error presented by appellants in their brief and find no reversible error in any of them. It is within the sound discretion of the trial court to refuse to allow a party to file a trial amendment during the progress of a case, and such action will not be revised, unless an abuse of such discretion is shown; and none is shown in this case.

[4] The assignment based upon the refusal of the court to retax the costs on appellants' motion is without merit. Their proposition that, "where a large number of witnesses are summoned by the defendant, and not used by either party, it is error to tax the cost of summoning such witnesses, and the fees of such witnesses, against the plaintiffs" is not sound. All costs, as a general rule, should be taxed against the party cast in the suit (R. S. art. 1425); but "The court may for good cause shown, to be stated on the record, adjudge the costs otherwise. * * *" R. S. art. 1438. This, however, the court did not do, and it is not shown by the record that in refusing to so do the court acted erroneously.

The judgment of the court below is affirmed.

Affirmed.