PIERCE v. AIKEN et al.

(Court of Civil Appeals of Texas. Austin. April 17, 1912.)

1. TRIAL (§ 250*)—INSTRUCTIONS—APPLICABILITY TO PLEADING AND EVIDENCE.

In an action on implied contract for services in preparing proofs of death of an insured person, where the pleadings and evidence did not raise any issue of a general custom to perform such services without compensation, an instruction that plaintiff could not recover, if the jury found that it was not customary according to the ordinary course of dealing to pay for services of like character, is error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.*]

2. WORK AND LABOR (§ 4*)—IMPLIED PROMISE TO PAY—VALUE OF SERVICES.

Where services were performed by plaintiff at defendants' request, and, although nothing was said as to whether plaintiff would make a charge therefor, there was nothing to show that they were to be gratuitous, the parties being strangers to each other, the law implied a promise to pay the reasonable value thereof.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 3–7; Dec. Dig. § 4.*]

3. WORK AND LABOR (§ 28*)—IMPLIED PROMISE TO PAY—EVIDENCE.

In an action for the reasonable value of services, a judgment for defendant will not be sustained on the ground that there was a fail-

ure of proof as to the value of the services, where the evidence shows that at the time they were performed plaintiff told defendant what he considered the services worth.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 17, 55; Dec. Dig. § 28.*]

4. DAMAGES (§ 12*)—EXTENT NOT SHOWN—RIGHT TO NOMINAL DAMAGES.

In an action for the reasonable value of services, the fact that plaintiff did not prove the value of the services did not defeat a recovery, since he would be entitled at least to nominal damages.

· [Ed. Note.—For other cases, see Damages, Cent. Dig. § 31; Dec. Dig. § 12.*]

Appeal from Bell County Court; W. S. Shipp, Judge.

Action by Jesse W. Pierce against Carl Aiken and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

John B. Durrett, of Belton, for appellant. A. L. Curtis and Monteith & Monteith, both of Belton, for appellees.

RICE, J. This suit was brought by appellant against appellees to recover on a quantum meruit for services rendered by him to them as independent executors of their father's estate in the collection of a life insurance policy, to which action appellees plead the general issue. A jury trial resulting in a verdict in their behalf, appellant prosecutes this appeal, and seeks a reversal chiefly on charges given and refused.

It appears from the evidence that J. H. Aiken, deceased, had taken out a policy of insurance on his life in the sum of $3,000, payable to his wife, but who died before he did, leaving same the property of his estate; that upon his death appellees were appointed independent executors of his estate, who took the policy to appellant, requesting him to make proofs of death, and to proceed to collect the amount of said insurance due their father's estate, which he agreed to do. Nothing was said at that time by the parties relative to compensation for such services; but appellant proceeded at once to carry out his agreement, writing to the company for blank proofs of death, and was thereafter compelled to secure a number of affidavits and write many letters before the company finally agreed to pay the same—said services lasting through a period of about three months. He finally received information from the company that, if appellees would draw upon it with the policy attached, their draft would be paid, of which they were informed, and at which time he told them that, while his services were worth 10 per cent. of the amount of the policy, he would only charge them $150, presenting a bill for said amount, which he told them they could either pay then or upon the collection of the policy. Whereupon Carl Aiken took the bill, stating that they would pay him when they received the money. At the time the policy was issued, appellant was the agent of the company; but he had not been their agent for many years, the company having withdrawn from the state in the meantime. He further stated that he was under no obligation whatever to make such proof of death, or to do the work that he performed, not even being acquainted with said parties. After appellees had received the money, he again spoke to the defendant Carl Aiken about the matter, and the latter refused to pay any part of said amount so charged by him. He admitted, however, that he had been in the insurance business for about 25 years, and had frequently prepared proofs of death without having charged therefor.

Appellee Carl Aiken testified that he found the life insurance policy among his father's papers; that the same showed that the appellant acted as agent of the company which issued it, for which reason he took it to appellant and asked him to notify the company of his father's death and see about collecting it, which appellant agreed to do; that nothing was said at the time about any charge being made for such service, he understanding that appellant was agent for the company and would attend to it as a part of the business (but he did not claim that this understanding was based upon anything that appellant said or did at the time); that when Mr. Pierce presented the $150 bill, and stated that he could either pay it then or when the money was collected, he replied that he would see him later about it, but denied telling him that he would pay it when he collected the policy.

The cashier of one of the local banks testified that his bank had frequently made proofs of death and collected life insurance policies and made no charge therefor; it being customary to do so without pay. He admitted, however, on cross-examination, that this service was done for his customers, and as a part of the business of the bank, and that there was a good deal of policy in so doing.

[1] By his second assignment of error appellant insists that the court erred in that portion of the charge which makes the recovery of plaintiff dependent upon a finding by the jury from the evidence that it was usual and customary for labor and services of like character to be paid for in the ordinary course of dealing and according to the common understanding of men, and likewise insists in his third assignment that the court erred in that portion of its charge which told the jury: "You are further charged that, although the plaintiff performed the labor and services claimed by him, yet if you further find by the evidence that it is not customary, according to the ordinary course of dealing and the common understanding of men, to pay for services of like character, then the law will not imply any promise on

the part of these defendants to pay for same, and in that event your verdict must be for the defendants." By his propositions thereunder appellant contends that there was nothing in the pleadings nor in the evidence adduced to raise the issue as to whether the services performed by plaintiff were such as it was usual and customary to pay for; and, second, there was no evidence tending to show any general or common custom or usage concerning the issue submitted to the jury. We think appellant is correct in this contention, and that the charges complained of were improper, and should not have been given. Appellant's right to recover was not dependent upon any ordinary course of dealing, or upon the common understanding of men, nor upon any common custom or usage, the evidence not even suggesting such an issue; but plaintiff relied entirely upon an implied contract, arising out of the fact that he performed the service at the request of appellees, for which he was entitled to reasonable compensation. This was the gist of the case, for which reason the charges given were error.

[2] The court refused to give the following special charge, which is assigned as error: "That where one person performs services for another at his request, but without any agreement or understanding as to remuneration, the law implies a promise on the part of the party requesting the service to pay a just and reasonable compensation for the same, and the value of such service is to be determined by the jury." As above suggested, this charge embodied a correct principle, was applicable to the facts in evidence, and should have been given. Where service is performed at the request of another, the law implies a promise to pay therefor as much as the same is reasonably worth. See Simkins on Contracts, p. 368. In 9 Cyc. p. 242, it is said: "An implied contract, in the proper sense, is where the intention of the parties is not expressed, but an agreement in fact creating an obligation is implied or presumed from their acts, as in the case where a person performs services for another, who accepts the same; the services not being performed under such circumstances as to show that they were intended to be gratuitous, or where a person performs service for another on request." See, also, Seeligson v. Lewis & Williams, 65 Tex. 223, 57 Am. Rep. 593; Harrell v. Zimpleman, 66 Tex. 294, 17 S. W. 478; City of Sherman v. Conner and Olliver, 88 Tex. 40, 41, 29 S. W. 1053; Schimpf v. Settegast, 36 Tex. 296; Taylor v. Deseve, 81 Tex. 246, 16 S. W. 1008. In the instant case the services were performed by appellant at the request of appellees for the benefit of the estate. While it is true nothing was said as to whether he would make any charge therefor or not, yet there was nothing in the evidence showing or tending to show that the services were to be gratuitous. On the contrary, the parties were strangers to each other, and it must be presumed that appellant expected to be remunerated therefor. At any rate, it seems to us that the law, under the facts, raised an implied promise that he should receive reasonable compensation.

[3, 4] It is, however, contended on the part of appellees that since the plaintiff had brought his suit upon an implied contract, alleging that his services were reasonably worth $300, the burden of proof was upon him to establish his case as alleged, but that no testimony was offered by him to show what his services were reasonably worth. Therefore, irrespective of whether there was error in the giving and refusing of said charges, the judgment should be affirmed. We do not agree with appellees' contention in this respect, because, first, the evidence does show that appellant claimed at the time that the service was performed that it was worth at least 10 per cent. of the amount involved, but that he would only charge 5 per cent. therefor. Besides this, even if it were conceded that no proof whatever was made with reference to what the same were worth, still we think that plaintiff would have been entitled to recover at least a nominal amount therefor.

For the errors indicated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.