## CASWELL v. J. S. McCALL & SONS.

(Court of Civil Appeals of Texas. Austin. Dec. 3, 1913. On Motion for Rehearing, Feb. 11, 1914.)

1. DAMAGES (§ 12*)—NOMINAL DAMAGES.

Where, in an action for breach of contract, the evidence showed a breach, plaintiff was entitled to recover nominal damages, notwithstanding there was no evidence of damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 31; Dec. Dig. § 12.*]

2. SALES (§ 416*)—BREACH OF CONTRACT—ACTION BY BUYER—ISSUES, PROOF, AND VARIANCE.

Where, in an action by a buyer for breach of a contract for the sale of cotton, the petition did not allege the facts constituting damages, but only that plaintiff was damaged in the sum of $500, it was proper to exclude evidence of damages, since the allegation as to damages was a mere conclusion of the pleader.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1171, 1172; Dec. Dig. § 416.*]

On Motion for Rehearing.

3. PLEADING (§ 236*)—AMENDED SUPPLEMENTAL PLEADINGS.

The trial court abused its discretion in refusing to permit plaintiff to amend his petition during trial to allege the facts constituting damages so as to render admissible evidence of damages, where the court had sustained the petition on demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 601, 605; Dec. Dig. § 236.*]

Appeal from Bastrop County Court; J. B. Price, Judge.

Action by W. T. Caswell against J. S. McCall & Sons. From a judgment for defendant, plaintiff appeals. Reversed and remanded on rehearing.

C. W. Webb, of Elgin, for appellant. Orgain & Maynard and P. C. Maynard, all of Bastrop, for appellee.

RICE, J. On the 3d of September, 1912, plaintiff, through his agent, purchased from appellees 100 bales of cotton, to be delivered to him on the 20th of said month at Elgin, Tex., agreeing to pay therefor the sum of 10⅜ cents per pound, based upon the current price of middling cotton at Elgin on said date. Notwithstanding appellant held himself in readiness and was able and willing at all times to pay for said cotton according to the contract price, appellees failed and refused to comply with said contract, whereupon this action was brought to recover damages therefor. The petition, after alleging the contract and its breach, averred that plaintiff had been damaged by reason thereof in the sum of $500, but failed to allege any advance in the price of said cotton at the time the same was to be delivered over the contract price. Appellees interposed a general demurrer, general denial, and special answer, the allegations of which need not be stated. The demurrer being overruled, and a jury being waived, the case was tried before the court, who rendered judgment for appellees, from which this appeal is prosecuted.

[1] When appellant offered to show the price of cotton of the character purchased at Elgin on September 20th, objection was made that there was no allegation in the petition that would authorize the introduction of this testimony. The objection was sustained, whereupon appellant moved to amend the petition in this respect; but the motion was overruled, and error is assigned on the action of the court in refusing to permit this amendment, as well as in rendering judgment for defendant, insisting by proper assignment that, although the proof had failed to show actual damages, he was, nevertheless, entitled to recover nominal damages. We think this contention is correct. The evidence shows that the contract was breached, and, notwithstanding there was no evidence of any actual loss shown by reason thereof, yet, under such circumstances, appellant was entitled to nominal damages. See Pierce v. Aiken, 146 S. W. 950; Davis v. T. & P. Ry. Co., 91 Tex. 505, 44 S. W. 822; Hope v. Alley, 9 Tex. 395.

But it is not made to appear that the court abused its discretion in refusing to allow appellant to file an amended petition, for which reason no error is shown in this respect. See R. S. 1911, art. 1824; White v. Provident Nat. Bank, 27 Tex. Civ. App. 487, 65 S. W. 498; McCormick v. Jester, 53 Tex. Civ. App. 306, 115 S. W. 278; Hastings v. Townsend, 136 S. W. 1143. The petition failed to state a cause of action, for the reason that it did not specifically allege facts authorizing a recovery on the part of appellant. It alleged a contract and its breach, and then averred that the plaintiff was damaged in the sum of $500 by reason thereof, without alleging any fact or facts showing how such damage arose. "A cause of action is said to consist of three elements: The plaintiff's right, the violation of this right by the defendant, and the legal injury to the plaintiff by reason of such violation—and ordinarily a full and clear statement of the cause of action must contain a direct allegation of every fact going to make up each of these elements." Page 307, Townes on Pleading. The allegation that he was damaged is the mere conclusion of the pleader, and not the statement of a fact. See 13 Cyc. p. 173 et seq.; 31 Cyc. p. 109, subd. 14. In 13 Cyc., supra, it is said: "A complaint under which evidence of the alleged damage may be received must allege facts constituting a cause of action; alleging damages as a mere conclusion of the pleader being insufficient." See

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Welder v. Dunn, 2 Willson, Civ. Cas. Ct. App. §§ 96, 97.

"Unless the damages are such as may be presumed necessarily to result from a breach of contract, they must be stated specifically and circumstantially, in order to apprise the opposite party of the facts intended to be proven. Thus, in an action against a vendor of an estate, it is held that, if the purchaser proceed for interest and expenses, he must declare specially, stating such expenses and the loss arising from not having the use of the money," etc. Sutton v. Paige, 4 Tex. 142; Gould v. Allen, 1 Wend. (N. Y.) 182; McKay v. City of Henderson (Ky.) 71 S. W. 625; Herfort v. Cramer, 7 Colo. 483, 4 Pac. 896.

In the present case it cannot be inferred from the facts stated that plaintiff was damaged in any definite amount. If the price of cotton had advanced from the time of purchase to the time of delivery, then, of course, he would have been damaged to the extent of such difference, and, in order to claim such amount, the enhanced price should have been stated. But the mere declaration of the pleader that he had been damaged to a certain amount was not equivalent to the allegation of such fact. We therefore hold that the court did not err in excluding such proffered testimony, and, since no abuse of his discretion is shown in failing to permit the filing of the amendment, the assignments presenting these questions must be overruled. But, for the error of the court in failing to render judgment for appellant for nominal damages, the judgment of the court below will be reversed and here rendered for appellant for the sum of $1 and costs.

Reversed and rendered.

### On Motion for Rehearing.

[3] Appellant, in his motion for rehearing, contends that the court erred in not reversing and remanding this cause, instead of reversing and rendering, for the reason that the trial court erred in refusing to permit him to file an amendment setting forth his grounds for actual damages, thereby showing that the court had jurisdiction of the amount in controversy. We think it was properly held that the petition failed to state a cause of action, except for nominal damages. This being true, the court below should have sustained the demurrer, instead of overruling it, as there was nothing involved other than the claim for nominal damages; hence the court was without jurisdiction. See Connor v. Sewell, 90 Tex. 275, 38 S. W. 35. Having failed to do this, then it was error (after proceeding with the trial upon sustaining an objection to the evidence offered to show actual damages) not to have permitted plaintiff to amend his petition in this respect.

It is held, in T. & P. Ry. Co. v. Hughes, 94 S. W. 130, that, where it appears from facts imperfectly pleaded that plaintiff by amendment might plead a good cause of action, on the reversal of a judgment in his favor, the case will be remanded in order that he may amend. See, also, Miller v. Drought, 102 S. W. 145; Mullaly v. Ivory, 30 S. W. 259. Notwithstanding the fact that article 1824, R. S. 1911, provides that pleadings shall not be amended after announcement of ready, still our courts have held that this limitation is directory, and that it is within the sound discretion of the trial court to grant such amendment, even after announcement, and that this discretion should be liberally exercised with the view of attaining justice. See Parker v. Spencer, 61 Tex. 155; Obert v. Landa, 59 Tex. 475; Whitehead v. Foley, 28 Tex. 10; Railway v. Goldberg, 68 Tex. 685, 5 S. W. 824; Colorado Canal Co. v. McFarland & Southwell, 94 S. W. 400; Boren v. Billington, 82 Tex. 137, 18 S. W. 101; Telegraph Co. v. Bowen, 84 Tex. 477, 19 S. W. 554; First Nat. Bank v. Sharpe, 12 Tex. Civ. App. 223, 33 S. W. 676; Cotton v. Thompson, 159 S. W. 455.

In the present case the court had overruled the demurrer, thus indicating to the plaintiff that his petition was good. The latter proceeded with the trial under the mistaken belief, no doubt, that his evidence would be admitted when offered. He was met, however, with objection, which was sustained by the court, on the ground that the allegations of his petition would not justify evidence going to show that the cotton purchased had advanced in price. When this objection, which was well taken, was sustained, plaintiff offered to amend his petition so as to make the evidence admissible thereunder. This was refused by the court, and judgment went against him. It is evident from the allegations of the petition that he had imperfectly pleaded his case. This being true, we think that the court ought to have permitted this amendment, with the view of affording him an opportunity to introduce evidence in support thereof. In Allen v. Clopton, 135 S. W. 242, where plaintiff's case was imperfectly pleaded, it was held that: "If defendants' demurrer had been sustained, as it should have been, plaintiffs could, and doubtless would, have supplied such defect in their petition by an amendment, and then proved such reasonable compensation as they were entitled to recover. In view of this, we will not reverse and render judgment, but simply reverse the judgment * * * for another trial." See, also, Telegraph Co. v. Farrington, 131 S. W. 609; Carter v. Olive, 128 S. W. 478.

We think, in the present state of the record, that we are justified in holding that the court abused its discretion in failing to permit the amendment, for which reason the motion for rehearing is granted, and the judgment is reversed, and the cause remanded for another trial.

Motion granted. Reversed and remanded.