KEPPLER et al. v. TEXAS LUMBER MFG.
CO. et al. (No. 80.)*

(Court of Civil Appeals of Texas. Beaumont.
Feb. 17, 1916. Rehearing Denied
March 16, 1916.)

1. APPEAL AND ERROR ⬥1040(10)—REVIEW
— HARMLESS ERROR — RULINGS ON PLEAD-
INGS.

Overruling a special exception to the peti-
tion for its failure to set out the first link in
plaintiffs' chain of title was not prejudicial,
where common source of title to the land in con-
troversy was agreed upon by the parties at the
trial.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4098, 4105; Dec. Dig. ⬥
1040(10).]

2. STIPULATIONS ⬥14(9)—TRESPASS TO TRY
TITLE—EVIDENCE.

In trespass to try title, where the parties
agreed that the parties might read from the
county clerk's or district clerk's records any pa-
per they desired to offer in evidence, and each
waived the filing, three days' notice, and affi-
davits of loss of originals, with the understand-
ing that plaintiffs should furnish a list with
book references in their chain of deeds 10 days
before trial and file certain original powers of
attorney, and the list of references was furnish-
ed as agreed, the admission of the title papers
was not error, though the powers of attorney
were not produced till the trial.

[Ed. Note.—For other cases, see Stipulations,
Cent. Dig. § 33; Dec. Dig. ⬥14(9).]

3. APPEAL AND ERROR ⬥301—PRESENTING
QUESTIONS IN TRIAL COURT — MOTION FOR
NEW TRIAL.

Where no complaint was made in a motion
for new trial to the description of land in a
power of attorney offered in evidence, the ob-
jection cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1743, 1753–1755; Dec.
Dig. ⬥301.]

4. PLEADING ⬥245(4)—TRIAL AMENDMENT—
DISCRETION OF COURT.

In an action of trespass to try title, where
there was evidence that plaintiffs were innocent
purchasers for value without notice of deeds
and conveyances, an allowance of a trial amend-
ment, alleging that they were owners by virtue
of being innocent purchasers for value without
notice of any deeds or conveyances under which
defendants claimed, was not an abuse of dis-
cretion of the trial court.

[Ed. Note.—For other cases, see Pleading,
Cent. Dig. §§ 660, 664–666; Dec. Dig. ⬥
245(4).]

5. APPEAL AND ERROR ⬥662(4) — RECORD —
DEFECTS AND OBJECTIONS.

A statement of facts prepared by the trial
court, counsel having failed to agree on a state-
ment, cannot be called in question as not stat-
ing the facts proven on the trial, and assign-
ments challenging its correctness cannot be con-
sidered.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 2852; Dec. Dig. ⬥662(4).]

Appeal from District Court, Hardin Coun-
ty; J. Llewellyn, Judge.

Action by the Texas Lumber Manufacturing
Company and others against Mrs. Julia A.
Keppler and others. From a judgment for
plaintiffs, defendants appeal. Affirmed.

Smith & Kemble, of Waxahachie, and B.
L. Aycock and A. M. Hill, both of Kountze,
for appellants. Greer, Nall & Bowers and W.
W. Crusé, all of Beaumont, for appellees.

BROOKE, J. This suit was filed on the
24th day of November, 1914, by plaintiffs,
against Ida May Wingate, Walter Wingate,
Mattie Wingate, Eula R. Davis and husband,
Walter A. Davis, Jessie C. Billups and hus-
band, W. F. Billups, Traynham Smith, Mrs.
Julia A. Keppler in her individual capacity
and as guardian of the person and estate of
the said Traynham Smith, an idiot, and her
husband, Charles E. Keppler, R. H. Smith,
Mrs. Mamie Whitlock and husband, Arthur
Whitlock, and the unknown heirs of R. H.
Smith, deceased, their heirs or legal represen-
tatives, defendants, in trespass to try title
for certain lands in Hardin county. Plain-
tiffs pleaded their title and prayed that they
have judgment for the title and possession
of the land and premises described, and pray-
ed, further, that the cloud cast upon the title
by the alleged claim of the defendants be re-
moved, and that the plaintiffs be quieted in
their title to the property, and for rents and
damages and costs of suit. Afterward the
plaintiffs, in open court, announced that they
would dismiss the suit as against the un-
known heirs of R. H. Smith and the unknown
heirs of James Walea, deceased. Judgment
was taken by default against Ida May Win-
gate, Walter Wingate and Mattie Wingate.
The defendants answered by special excep-
tion, to the effect that the original petition
did not allege that "title accrued to the un-
known heirs by death of ancestor dying in-
testate, or give otherwise the particulars of
such accrual, or set out the consecutive chain
of title from the sovereignty of the soil," and
by general denial and plea of not guilty, and
answered, claiming title to three-eighths of
the land in controversy through R. H. Smith.
Evidence was introduced, and at the con-
clusion of the introduction of plaintiffs' tes-
timony, defendants filed a motion to strike
out the evidence with reference to plaintiffs
being innocent purchasers for value without
notice of deeds and conveyances, which mo-
tion was sustained. Thereupon the court
permitted the plaintiffs to file a trial amend-
ment, alleging that they were the owners of
the three-eighths interest in the land de-
scribed, as claimed by the defendants, they
being innocent purchasers of the same for
value, without notice of any deeds or con-
veyances under which the defendants claim,
which said action of the court in permitting
the plaintiffs to file said trial amendment
was excepted to by the defendants. After
all the evidence was heard, the court instruct-
ed the jury to return a verdict for the plain-
tiffs, which was accordingly done, and the
case is before this court for adjudication.

[1] The action of the trial court, by the ap-

pellants' first assignment of error, is challenged as error in not sustaining defendants' special exception to the original petition, because in setting out their chain of title the first link was omitted, failing to allege marriage or descent from James Walea, or showing any marriage or marriages, or wife or wives. Appellees alleged in their petition that the land was patented to James Walea, and then set out the names of the parties, saying they were heirs of James Walea, deceased. Appellees dismissed from their suit, as stated above, the unknown heirs of R. H. Smith, deceased, their heirs and legal representatives, and the unknown heirs of James Walea, deceased, their heirs and legal representatives, and upon the trial of the cause, common source of title to the land in controversy was agreed upon by appellants and appellees. Therefore, if error was committed by the trial court, it was not prejudicial. The first assignment is therefore overruled.

[2] By appellants' second assignment of error, it is complained that the court erred to defendants' prejudice in that, over their objection, plaintiffs were permitted to introduce title papers, because the agreement to waive notice and filing of deeds was not complied with, in this: That the said agreement was signed by defendants' counsel with the proviso that they should have the originals of certain powers of attorney filed at least 10 days before the trial, and that such title papers were not filed until announcement of ready for trial was made. The agreement was as follows:

"It is hereby agreed that either party hereto may, on the trial of this cause, read from the records in the office of the county clerk and the district clerk of Hardin county, Texas, any instrument or paper they desire to offer in evidence, and each party waives the filing,· three days' notice and affidavits of loss of originals, subject, however, to relevancy and competency. "[Signed by attorneys for plaintiffs and defendants.] "This is signed with the understanding that plaintiffs will furnish defendants'· counsel a list with book references in their chain of deeds ten days prior to the trial at the July term of the district court and file the original powers of attorney to Steve Chenault (if procurable) and case to stand continued after transfer to the Seventy-Fifth district."

This agreement was filed in this cause. Appellees proved that they furnished defendants with a list of their title papers on March 16, 1915, in accordance with the agreement to read from the records, and produced the original powers of attorney upon the trial of the cause. It does not appear from appellants' bill of exceptions or from this record that any injury resulted to appellants by the action of the lower court, and there is no intimation that appellants were not furnished a list showing the book and page where the said powers of attorney were recorded. We see no error in the action of the trial court in this matter, especially as it is shown that the original instruments were admissible without the filing and three days' notice.

[3] By the third assignment of error, appellants complain that the court erred because it permitted to be read the power of attorney of Michael Walea, over objection that the land described in said instrument did not describe the land sufficiently to authorize sale of any particular 1,500 acres of land in Hardin county, and that it was a patent ambiguity. The power of attorney is not incorporated in this record, and we have no means of arriving at the contents of the same, but no complaint was made in appellants' motion for a new trial with reference to the description contained in said instrument; therefore we are constrained to overrule this assignment.

[4] By their fifth and sixth assignments of error, the appellants complain of the action of the trial court in permitting the appellees to file their trial amendment after the evidence had been closed. It has been held that the pleadings may be amended by leave of the court after the opening argument · had been made. Telegraph Co. v. Bowen, 84 Tex. 476, 19 S. W. 554; First National Bank v. Sharpe, 12 Tex. Civ. App. 223, 33 S. W. 676; Railway Co. v. Howe, 15 S. W. 198. It has also been held that the allowance or refusal of a trial amendment rests in the discretion of the trial judge, which will not be disturbed on appeal in the absence of abuse. Dublin v. Taylor B. & H. Ry. Co., 49 S. W. 667; Fields v. Rye, 24 Tex. Civ. App. 272, 59 S. W. 306; White v. Provident National Bank, 27 Tex. Civ. App. 487, 65 S. W. 498; Goodney v. International & G. N. Ry. Co., 51 Tex. Civ. App. 596, 113 S. W. 171; Hastings v. Townsend, 136 S. W. 1143; Gilliland v. Ellison, 137 S. W. 168; San Antonio & A. P. Ry. Co. v. Miller, 137. S. W. 1194. It has been held that the allowance of a trial amendment to the petition after the testimony was closed was not ground for reversal. Lewis v. Hoeldtke, 76 S. W. 309. It is also held that whether a party to a suit should be permitted to amend his pleadings, after the argument had begun, is a matter within the discretion of the trial court. St. Paul Fire & Marine Ins. Co. v. Cronin, 131 S. W. 649. Trial amendments to conform to the evidence were held not ground for reversal in Merchants' Ins. Co. v. Reichman, 40 S. W. 831, also in the case of Fleming v. Pringle, 21 Tex. Civ. App. 225, 51 S. W. 553. No abuse having been shown of the discretion of the court in this record, the said assignment is overruled.

[5] Counsel for appellants will understand that, the statement of facts having been prepared by the court, counsel for appellees and appellants having failed to agree on a statement, the said statement of facts, as prepared, cannot be called in question as not stating the facts proven on the trial of said cause, and purported assignments challenging the correctness of said statement of facts cannot be considered by this court.

We have carefully reviewed the record in

this cause, and have considered the various assignments of error, as presented by appellants, and are of the opinion that the record shows no error such as would warrant a reversal of this cause. Therefore the judgment of the court below is in all things affirmed.

It is so ordered.

---

⊚⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.