## ROSSON v. GROOM MUT. HAIL ASS'N.

### No. 3957.

Court of Civil Appeals of Texas. Amarillo. Feb. 8, 1933.

Rehearing Denied March 22, 1933.

Lackey & Lackey, of Stinnett, for appellant.

Stone & Guleke, of Amarillo, for appellee.

MARTIN, Justice.

Appellant became a member of the Groom Mutual Hail Association and took one of its policies on certain crops for the year 1928 in the sum of $9,950. He alleges a total loss of these crops by hail storm and that one-half of the amount of the policy has been paid and sued appellee herein for the remainder.

The answer of appellee was a general denial and further that appellee "is a mutual hail insurance association, incorporated under the Acts of 1913, Chapter 22, page 40." It admitted the issuance of the policy and the loss as alleged, and pleaded specially that the policy was "subject to all the conditions and stipulations set forth in the Constitution and By-Laws of this Association," and that one of these provisions, article 6, was as follows: "Should the damages sustained to the crops insured exceed the amount paid in premiums and the additional liability fixed by law, the parties damaged shall have their share only of the fund prorated according to his amount of premiums and additional liability fixed by law and the By-Laws of this Company."

It further specially pleaded the terms of the statute hereafter referred to. It alleged in detail: The aggregate collections of premiums for the year 1928; the total amount of proven losses by hail for such year; the amount of expenses; and the payment to appellant of 65 per cent. of the face of his policy.

The evidence sustained the facts pleaded by appellee without contradiction.

The trial court gave a peremptory instruction for appellee.

■ The refusal of the trial court to permit appellant to file a trial amendment is made the subject of bill of exception No. 1.

Such a matter rests largely within the discretion of the trial judge, whose judgment thereon will not be disturbed on appeal in the absence of a clear showing of abuse of this discretion. 3 Tex. Jur. § 759; Rivers v. Griffin (Tex. Civ. App.) 16 S.W.(2d) 874; White v. Bank, 27 Tex. Civ. App. 487, 65 S. W. 498. Otherwise expressed, a matter of this kind must be so presented as to affirmatively on its face show that an error resulting in injury to the complaining party has been committed. Appellant's bill No. 1 consists only of a showing of the request to file a trial amendment and the court's ruling thereon, to which is attached a copy of the proposed pleading.

This pleading contains many assertions that certain facts claimed to create liability and hitherto unknown to appellant had been proven on the trial, and an issue creating additional liability was sought to be made of these in the trial amendment. A categoric denial of the truth of these assertions is made by appellee. In order, therefore, for us to appraise the merits of this bill we must make a toilsome journey through a maze of facts and near facts hidden away in most instances amidst objections, arguments, and bickering of counsel. Both appellant's bill and his brief are bare of any showing which would support his theory that prejudicial error was committed and which would enable us to say whether the court abused his discretion. We are not able to say from an inspection of either appellant's bill or his brief that a state of facts existed which would justify the filing of the trial amendment.

■■ Judgments of trial courts are presumptively correct and the burden is on the appellant to affirmatively show prejudicial error. 3 Tex. Jur. § 302. An allegation of fact does not prove itself and its truth, when denied, must be made manifest in some way. Hart v. Wilson (Tex. Civ. App.) 53 S.W.(2d) 1029.

■ While we are unable to consider this assignment as presented, the real questions involved therein seem to be included in the disposition of other propositions, which we now discuss.

■■ From a total of $238,788.99 shown to have been collected in premiums for the year 1928, there was deducted for expenses the sum of $45,456.07. It is earnestly contended that the question of whether or not such an amount of expenses was reasonably necessary and proper in the conduct of the business of appellee was an issue which should have been submitted to the jury and that therefore the peremptory instruction was error. The total of the expenses was pleaded by appellee and shown in minute detail in the evidence introduced by it. The appellee properly assumed the burden of pleading and proving such matters as reduced the total liability shown in the face of the policy which, of course, included all these expenses in the final balance. Fort Worth Mutual Benevolent Association v. Haney (Tex. Civ. App.) 17 S.W.(2d) 104. No issue was made in the evidence as might have been under the pleadings, as to the reasonableness of any of these items, unless it may be said that the aggregate amount of same was on its face so grossly excessive as to raise such question. Article 4956, R. S., authorizes a charge by mutual hail insurance companies of 40 per cent. of the gross amount of premiums collected for any current year as expenses. The amount mentioned above was about 20 per cent. of the

premium collections. Much of this expense went to solicitors who received 10 per cent. for their services in procuring business for the company. We believe the trial court correctly held that the mere amount of these expenses alone was insufficient to raise a jury question under the facts of this particular case.

Nor do we think an issue was made as to the right of appellant to participate in any reserve fund for any year or years during which appellant was not a member. Under the express terms of article 4955, R. S., as well as the policy, appellant's recovery was limited to a pro rata share of the "sum realized from said premiums after deducting the expenses therefrom."

It is finally insisted that according to the face of the policy appellant was entitled to 100 per cent. recovery. This is based upon the clause of the policy making the constitution and by-laws of the company a part of its contract of insurance and article 33 of such, which reads as follows: "In case of total destruction of the crop herein specified by hail, the amount insured per acre shall be paid by the Association, and in case of partial destruction the Association will pay the same percentage of the amount insured per acre as the grain destroyed bears to the crop, had no damage by hail occurred. Thus, if one-half of the crop insured is destroyed, the Association will pay one-half of the amount of insurance per acre, and to determine the percentage of damage no consideration will be made of the cost of cutting and threshing the portion not destroyed."

Other clauses of the policy restricting the right of recovery to a less sum than the face have already been quoted. The terms of the statute also restricting recovery have been adverted to and must be read into this contract. Considering the policy as a whole, and article 33 above, in the light of the terms of said statute, we are of the opinion that the last quoted provision was intended to fix a method of computation of the loss and not as establishing liability for the entire amount of the policy, regardless of premiums collected and expenses incurred.

It is perhaps well to observe here that the appellant has been paid an amount in excess of that allowed him under the literal terms of the policy and statute, which apparently is more than sufficient to cover his pro rata share of certain notes aggregating about $7,000 still held as assets for the benefit of 1928 policyholders and in which appellant claims a right of pro rata recovery herein. It is therefore unnecessary to lengthen this opinion by a discussion of this contention.

The judgment is affirmed.