G. S. NEWSOM AND OTHERS V. M. M. DAVIS AND ANOTHER.

The mere fact that in the bond for title the land was described as lying on the west side of the Guadalupe river, whilst the land claimed was described in the patent as situated south of the Guadalupe river, was held not a sufficient discrepancy to cast doubt upon the identity of the land, where the description in the bond and patent agreed as to the original grantee and assignee, the number of acres and the county where situated. (Note that the main course of the Guadalupe is north and south, with meanders east and west.—REPS.)

The presumption is that a deed made and delivered to the plaintiff's ancestor is in the possession of the plaintiff, or within his control, and the failure of the plaintiff to produce such deed, after due notice, entitles the defendant to prove its contents by parol.

The consideration of a bond for title may be proved by parol evidence.

Where a bond for title stipulated that the obligor would convey if the obligee should pay all the taxes due, it was held that the stipulation as to the taxes could not now (after several years) be deemed material.

The defendant, being in possession under a contract to convey, and having paid the consideration, is the equitable owner of the land. His is superior to the legal title remaining in his vendor; and there being no possession adverse to his right, the statute of limitations does not run against it.

Appeal from Gonzales. Tried below before the Hon. Fielding Jones.

Suit commenced February 11th, 1856, by the heirs of N. M. Newsom, deceased, against M. M. Davis and Felix Chenault, to recover a certain tract of 1280 acres of land. It appeared from a copy of the patent, which was made a part of the petition, that the land was patented to N. M. Newsom, assignee of Thomas Casey, and situated in Gonzales county, south of the Guadalupe river. The patent was issued February 7th, 1846. The petition alleged that said Newsom died in Texas, intestate, in or about the year 184–, and that he left neither widow nor lineal heirs, children or their descendants, and that administration was never had upon his estate. The petition described the plaintiffs merely as heirs-at-law of said Newsom, residing in the State of Tennessee. It alleged that Davis resided in De Witt county.

Answer that said Newsom sold and conveyed the said land, on

or about the month of April, 1845, by his certain title bond, to
M. M. Davis, one of these defendants; and that, in addition to
the consideration mentioned in said title bond, the said Davis
sold and transferred to said N. M. Newsom a house and part of
a lot in the town of Washington, in the county of Washington,
in this State, and delivered the possession of the same at the time
to said Newsom, and the said Newsom and his heirs have enjoyed
the premises ever since; that the conveyance of said house and
part of a lot was made as a further consideration of said title bond,
and delivered to said Newsom at the same time that said title
bond was made to said Davis of the 1280 acres of land located
by virtue of a certificate granted to Thomas Casey; that said
Newsom and those claiming under him have said deed in their
possession, and if the plaintiffs fail to produce it, which they are
notified to do, defendants will prove the contents thereof at the
trial. Prayer that Newsom's heirs be decreed to convey the land
in pursuance of the bond, that the title be divested out of them
and vested in the defendants, &c. Defendants also pleaded that
they had had peaceable adverse possession for three years, and
that they and those under whom they claim had had peaceable
adverse possession for five and ten years, and they pleaded the
statute of limitations, and suggested improvements in good faith.

Before the answer was filed, defendants had notified plaintiffs
to produce the deed from Davis to Newsom for the house and
part of a lot in Washington; and had also filed the bond from
Newsom to Davis for the land in controversy, and notified the
plaintiffs thereof. The bond was dated April 19th, 1845; was
in the penal sum of $250; recited that Newsom had bargained
and sold to Davis "a certain tract of land lying in the county of
Gonzales and Republic of Texas, on the west side of the Guada-
lupe, granted by the Republic aforesaid to Thomas Casey, for
twelve hundred and eighty acres, and by him transferred to the
said N. M. Newsom;" and read, "Now, if the said M. M.
Davis shall pay or cause to be paid all the taxes due to the Re-
public aforesaid, then and in that case the said N. M. Newsom
binds himself, &c., to make to the said M. M. Davis a good and
sufficient warrantee deed; then and in that case the foregoing
bond to be null and void, otherwise to remain in full force and
virtue." It will be observed that the consideration for which the
land was sold was not expressed in the bond. It recited that
both parties were of Washington county, in the Republic of
Texas; was witnessed by two witnesses; was proved by one of

them, Stephen R. Roberts, on the 29th of May, 1855, and was recorded on the 18th of September thereafter.

Plaintiffs filed an amendment, in which they denied that any deed of conveyance, as set forth in defendants' answer, was ever executed by said M. M. Davis to said N. M. Newsom, "to said house and lot in the town of Washington;" that if any such deed was executed, it was not in consideration of said 1280 acres of land; that said Newsom never went into possession of said house and lot, nor exercised ownership over the same; that said Newsom never had said deed to said house and lot in his possession; that defendants have never had peaceable possession of the land sued for; and, further, defendants say that the bond for title under which defendants claim is stale and long since barred by statute of limitations, having been executed more than ten years before it was proved up and recorded, and before the filing of this suit; and which said statute plaintiffs now plead in bar of defendants' recovery. There was no exception to the vagueness of the defendants' description of the house and part of a lot in the town of Washington; but plaintiffs moved to strike out the part of the answer in reference thereto, on the ground that it contradicted and varied the title bond under which defendants claimed.

The cause was submitted to the Court without a jury, and, "after argument of counsel and due consideration thereon," judgment for defendants, divesting all right, title and interest out of the plaintiffs and vesting same in defendants.

It appeared from the statement of facts that the heirship of the plaintiffs was admitted; that they gave the patent in evidence, and that the possession of defendants was admitted; that the bond was offered in evidence by defendants, and plaintiffs objected to it, on the ground that the property was not sufficiently described to identify the land; that there was no proof of conditions performed; and that it was barred by the statute of limitations, as pleaded; which objections were overruled.

Defendants proved by Stephen R. Roberts' deposition that deponent was present when Newsom sold or exchanged to Davis a tract of 1280 acres of land in Gonzales county, Texas, located by virtue of a certificate granted to Thomas Casey, and received in consideration a house and part of a lot in the town of Washington, Texas; deponent was called upon to draw the instruments of writing between them, and became a subscribing witness thereto; that Newsom left Washington county soon after, and left

deponent as agent in possession, authorizing him to rent said house to pay some dues which Newsom owed deponent. Deponent held possession or had charge of it until 1851; he left the possession in Mrs. Ellis. Deponent sent verbal word to the administrator of Newsom, (as I understood there was one,) by those having claims against Newsom; whether he ever got the word, deponent did not know; so far as deponent knew, Mrs. Ellis still had possession; of this, however, he was not certain; never saw Newsom after he left as before stated; heard nothing from his heirs; nor had anybody, to deponent's knowledge, claimed or exercised ownership or agency since deponent gave it up; never heard of Davis, or any one for him, making any claim to said house and lot.

Plaintiffs excepted to Roberts' testimony, on the ground that it purported to establish the contents of a deed from Davis to Newsom, in the absence of proof of the loss or destruction of said deed; that it set up a new and different and contradictory consideration from that set forth in the bond. Davis had conveyed to Chenault, on the 27th of October, 1855, the choice half of said land. The foregoing is a complete statement of the case.

*Waul & Wilson*, and *Parker & Nichols*, for appellants. I. The bond does not describe the land embraced in the patent, and for which plaintiff sued. The land described in the patent is on the south side of the river, and was granted to Newsom as assignee of Casey, after the execution of the bond. The land described in the bond, is on the west side of the river, and was granted to Casey, and by him assigned to Newsom, before the execution of the bond, therefore it is not the same.

II. If the bond sets forth any intelligible consideration, it is one to be paid subsequently. The condition is "subsequent," and it was incumbent on the claimants to prove performance of the condition.

III. It is apparent from all the facts and circumstances of the case, as disclosed by the record, that the exchange had been rescinded, or at least abandoned by the parties.

The contract was made in April, 1845, Newsom obtained the patent in 1846, and died in 184 . The holder of this executory contract, (with an exceedingly equivocal consideration,) in the shape of a condition subsequent, fails to call on the patentee

for a title during his life, nor is it till many years after his death, and more than ten years after the execution of the contract, that he first " publishes" his contract, by having it authenticated for registry. We for the first time know of its existence after we have been in possession of our patent for nine years.

IV. The defendants set up an additional and a different consideration. In regard to this we say, the Court erred in admitting the evidence of Roberts : 1st. Because it contradicts the bond. 2d. Because it is very vague and indefinite, and altogether inadequate as proving the contents of the pretended deed. (See 3 Johns. 508 ; 7 Id. 343.)

They undertake to prove the contents of a deed, but what was the thing conveyed ? A house and part of a lot somewhere in Washington. We submit that for its very vagueness and uncertainty, such testimony is worthless and illegal, unless explained and supported by other evidence, making that definite which it leaves uncertain.

V. If it is answered that from the lapse of time, this has become difficult, we reply, that but furnishes another reason in support of the next objection that we urge against their claim. It is stale. It has slumbered in secret for over ten years, and as soon as brought to light we attack it. (Smith v. De Cordova, 13 Texas.)

There is no question of actual or continuous possession in the case. We come into Court surrounded by all the equities which we could invoke if defendants ; and if the claim be too stale to sustain an action for specific performance, it is too stale as a successful defence in this case.

Nor can we on the other hand be accused of a want of diligence in resisting this stale and so long abandoned claim. But a few months transpired after it was set up, before we assailed it. If by a single act of trespass, or by an act of possession *pro forma*, or by actually putting a tenant on the land for a time, the holder of a stale and worthless claim can change the rights of the owner, then the clearly reasoned, and well-sustained opinions of this Court, on the subject, have been delivered in vain.

*Stewart & Mills*, for appellees. I. Taking the bond, its recitals and the original petition and exhibit, together, there can be no doubt as to the identity of the land. They sued us for this land ; we claimed it under the bond on file ; they answer our claim, without denying that the bond describes the land sued

for; and they admit we are in possession. (Howard v. North, 5 Tex. R. 291; Camley v. Stamfield, 10 Id. 550; Berry v. Wright, 14 Id. 270.)

II. It is objected that the condition on which the land was to be conveyed was not performed. This is presumed to relate to the taxes which Davis assumed to pay. Of course it was the taxes on the 1280 acres, that were thus referred to, and the payment of them became the concern of Davis alone, unless Newsom had been compelled to pay them, which is not pretended; nor is there any pretence that they were not paid; the presumption is they were.

III. But the main point appears to be that the bond was barred by limitation. In answer to this we say, it appears from the petition that Newsom died in 184–; say 1849; that there was no administration on his estate; that his heirs were non-residents; the patent was not obtained until February 7th, 1846. This Court has strongly intimated in this class of cases, when a conveyance is the relief sought, the rule of ten years will be applied; the longest period known to our law. (See De Cordova v. Smith, 9 Tex. R. 148.) But if there was delay in Davis in enforcing the legal title, it is sufficiently accounted for by the facts admitted in the petition. But the Court will observe that the appellees are on the defensive, resisting the claim of the appellants, showing an equitable title in themselves arising from the bond executed by the appellants' ancestor. If we were applying for relief, to enforce the bond, the case might be different; nor can the equitable bar arising from laches and neglect, have any manner of application to the appellees. With more propriety could the statute, or bar be invoked against the appellants, for resting on their stale claim until this late day.

From the payment of the consideration, Davis was fully clothed with the equitable title, and could have demanded a conveyance at any time (4 Tex. R. 166; 9 Id. 149,) and therefore no bar could be set up against him, as he had a sufficient equitable title; if so, the bar cannot operate.

IV. In contemplation of law, the deed from Davis to Newsom is in the possession of the appellants; and a regular notice to them or their attorneys to prepare the original is sufficient to let in secondary evidence of its contents: the existence of the original being proved. (1 Greenl. Ev. Sec. 560; 1 Johns. R. 342; 12 Id. 221; 17 Id. 160; 3 Term R. 306.)

V. It is a clear proposition of law, that the existence of a valu-

able consideration, though it should differ from the consideration specified in the instrument, may be proved; as when a deed purports to be in consideration of love and affection, the grantor may show that he is under other and distinct obligations arising from grant. (Gale v. Williamson, 8 M. & W. 405; 1 Smith, Lead. Cas. p. 146; see also Harvey v. Alexander, 1 Rand. R. 219; Duval v. Bibb, 4 Hen. & Munf. 113; 14 Johns. R. 210; 20 Id. 338; Eppes v. Randolph, 2 Call, 125; 16 Wend. R. 460; 17 Mass. 249, 257; 8 Conn. 314; 1 Comst. 509.)

WHEELER, J. The objection taken by the plaintiffs, to the admission in evidence of the bond for title; that is, that it does not describe the land claimed by the plaintiffs, clearly is not tenable. It describes the land sold, and contracted to be conveyed, by the name of the grantee, and of the plaintiffs' ancestor as assignee, the quantity of land, and the county in which it is situated, so as certainly to identify it as the land described in the patent under which the plaintiffs claim. The mere fact that in the bond, it is spoken of as being " on the west side," and in the patent as situated " south of the Guadalupe river," is not a sufficient discrepancy to cast doubt upon the identity of the land, when the description is so complete and certain in other more important particulars. There cannot be a doubt as to the identity of the land sued for and claimed by the defendant under his bond for title.

Nor is the objection to the testimony of the witness Roberts tenable. The plaintiffs had received notice, both by the answer and the notice served upon their attorney, to produce the deed to the lot in Washington. It having been made and delivered to their ancestor, the presumption is that it was in their possession or within their control, and that they had it in their power to produce it. Their failure to do so, after notice, entitled the defendant to prove its contents by parol. (Hamilton v. Price, 15 Tex. R. 382.) That the evidence fully established, that a good and sufficient consideration did pass from the defendant to the plaintiffs' ancestor, at the time of making the bond, cannot admit of question. The stipulation that the defendant should pay to the Republic of Texas, the taxes due upon the land, cannot be deemed now material, or to impose on the defendant any additional burden of proof. The plaintiffs can have no interest to be affected by the stipulation;

and as there is no evidence that the land has been sold for taxes and the defendant is in possession, the presumption is that the taxes were paid.

The defendant being in possession under a contract to convey, and having paid the consideration, is the equitable owner of the land. His is superior to the legal title remaining in his vendor; and there being no possession adverse to his right, the statute of limitations does not run against it. (Vardeman v. Lawson, 17 Tex. R. 10.)

There is no error in the judgment, and it is affirmed.

Judgment affirmed.