## RIVERS et al. v. GRIFFIN et al. (No. 9262.)

Court of Civil Appeals of Texas. Galveston.
March 6, 1929.

J. M. Gibson, of Houston, and F. M. O. Fenn, of Richmond, for appellants.

McFarlane & Dillard, of Houston, for appellees.

LANE, J. This suit was brought by Bettie Griffin, joined pro forma by her husband, Frank Griffin, against Ellen Burton, a non compos mentis, mother of Bettie and former wife of Tobe Rivers, who was confined in the asylum at Austin, Tex., and against the heirs, the children, and descendants of Tobe Rivers, deceased, among whom are Ellen Sheppard, a minor and a non compos mentis, Ann Bell, Jessie Bell, Johnnie Bell, minors, and Josephine Jamison, to recover title to the interest of Bettie Griffin in two tracts of land situated in Ft. Bend county, Tex., alleged to be a $\frac{9}{80}$ undivided interest in tract No. 1 and $\frac{9}{40}$ in tract No. 2, and for a partition of the land among those who might be found to be entitled to parts thereof.

Bettie Griffin claims an interest in the two tracts as a child of Tobe Rivers, deceased, and alleges that she and the defendants own all of tract No. 1, and that she and the defendants, other than Ellen Burton and Josephine Jamison, own an undivided one-half of tract No. 2, and that Josephine Jamison, the surviving wife of Albert Jamison, owns the other undivided one-half of tract No. 2.

Defendants John and Cora Marshall, Lee and Jessie Bell, James and Hiram Rivers, answered by general denial, and say that the

plaintiff Bettie Griffin never at any time owned any title or interest in the land; that the title to the land was acquired by them through Tobe Rivers, deceased, as his heirs; that plaintiff Bettie Griffin was not the daughter of Tobe Rivers, and is not entitled to any interest in said land; that Bettie Griffin is a daughter of Ellen Burton by Jim Burton; that Ellen Burton, who was formerly a wife of Tobe Rivers, was divorced from Tobe Rivers before he purchased the land in question. They also plead the statutes of limitation of 5 and 10 years.

Defendants Robert and William Rivers answered by a general denial. Edward Risinger, attorney ad litem for Ellen Burton, non compos mentis, in her behalf answered by general denial. The minor, Ellen Sheppard, a non compos mentis, through C. L. Dutton, her attorney ad litem, answered by general denial.

All defendants who were cited by publication, by and through P. E. Peareson, an attorney who was appointed by the court to represent them, answered by general denial, and all other defendants served made default.

By supplemental petition the plaintiffs denied generally the allegations of the answer of defendants John and Cora Marshall, Lee and Jessie Bell, and James and Hiram Rivers.

On the 24th day of April, 1924, the case went to trial before the court without a jury. After the cause had proceeded in the introduction of testimony, and while Robert Rivers was testifying relative to a cause numbered on the docket of the court as No. 11001 and the decree entered in said cause, counsel for defendants Hiram Rivers, William Rivers, Robert Rivers, and Josephine Jamison made a general objection to the admission of such testimony, the nature of the objection not being stated in the bill of exceptions taken to its admission. Upon such objection being made the trial judge directed Ed Risinger, appointed by the court as guardian ad litem for the lunatic, Ellen Burton, to file a trial amendment to meet the objection made to the introduction of the testimony by counsel for the objecting parties. Whereupon said guardian ad litem filed the following trial amendment:

"Comes now the defendant, Ellen Burton, in the above cause, with leave of court being first had, and now, acting through her guardian ad litem, filed this her trial amendment in complement to the pleadings filed heretofore in this cause, and says that the judgment now appearing of record in volume Q, p. 305, minutes of this court, heretofore entered in cause No. 11001, wherein Robert Rivers et al. are plaintiffs and this defendant is named therein as the defendant, was for the purpose of correcting a decree entered in cause No. 9038 in this court wherein a judgment was rendered —— day of April, 1919, now shown in volume Q, p. 204, minutes of this court, and that such decree could not divest title of this defendant to the lands described in said decree, which is the same property now involved in this suit, because of the reason that the allegations did not ask for such relief as required by the laws of this state, and for the further reason that any attempt on the part of said parties naming themselves as plaintiffs in said cause was a collusion entered into between them for the purpose of acquiring the rights of this defendant in said property, and no allegation of record of title or otherwise is shown on which the court could divest title from this defendant, and that such suit was an attempt on the part of said parties to defraud this defendant of her right in said land, knowledge of which has not been acquired by her or brought to the attention of the court at any time heretofore; and that such decree is in no way binding on this defendant at this time.

"Wherefore defendant prays judgment of this court that said decree in No. 11001 be set aside, and for her part of said property as her interest may appear, and such other relief as she may be entitled to, cost of suit, etc."

Whereupon Hiram Rivers alone filed the following supplemental answer:

"The defendant Hiram Rivers objects to the filing of said trial amendment for the following reasons: That the same is wholly insufficient in law; that the matters undertaken to be set up would be in the nature of a suit to remove cloud on title to the land in controversy, and to set aside decrees of the court that were rendered more than 4 years ago and more than 5 years ago and more than 10 years ago; that the same is too late and is barred by the statute of limitations; that said trial amendment is wholly defective and insufficient in law, because it undertakes to decree title to real estate in a proceeding wherein no process is asked for against any of the parties in this suit that are defendants in this suit; that allowing the same to be filed and considered would necessitate the citation of Josephine Jamison, Josephine Marshall, John Marshall, Bennie Marshall, Nettie Marshall, Maud Marshall, Lonnie Marshall, Cora Marshall, Goldsie Marshall, Gilsie Marshall, Edgar Rivers, Robert Sheppard, Nellie Bell, Ellen Chappel, James Rivers, Van Rivers, Walter Jameson, Vane Rivers, Harry Rivers, and Leviah Bell, Florence Jameson, Lee Bell, Lee Bell Rivers, William Rivers, Bragg Mayberry, Ellen Shepherd, Hiram Rivers, Jesse Bell, Jesse Bell Rivers, none of whom are before this court in answer to any suit whereby Ellen Burton, the lunatic, or her next friend; that the filing of the same would necessitate the opening of this whole proceeding and bringing all the different parties before the court on new pleading on which they should be given

the right to file a well-considered answer and be represented by their attorneys. The defendant Hiram Rivers therefore asks that the same not be allowed to be filed, and be stricken out of the record. We want to add to this further that on the face of the pleading itself it shows no title whatever, or pleads no title to equity in the lunatic, that would require this court to adjudicate at this time."

After the filing of this amendment the court overruled the objection made and permitted the witness to proceed to testify. The trial then proceeded to a final determination.

The court found, upon sufficient evidence, that on the 19th day of April, 1879, Tobe Rivers was married to Ellen Rivers, now Ellen Burton, and lived with her in Austin county, Tex.; that while so married he and one Albert Jamison, the husband of defendant Josephine Jamison, and the father of her children, purchased from one J. B. Hargraves 300 acres of land, a part of the Peter Conrad survey in Ft. Bend county, by deed dated February 1, 1886, for a consideration of $300 cash and their two notes for $450 each, due and payable, respectively, on the 1st day of December, 1886, and the 2d day of December, 1887; that the purchasers moved upon said land and remained in possession of the same, each using a portion thereof until their respective deaths; that the two notes were paid and a release of the lien retained to secure same was executed in October, 1891; that Tobe Rivers was divorced from Ellen, his wife, January 6, 1888, who did not go with him to the Ft. Bend county land; that after said divorce was granted, Ellen married James Burton, now deceased; that Ellen was adjudged insane in the year 1908, and since such time has been confined in the insane asylum at Austin; that Tobe Rivers purchased from one George West 100 acres of land in Ft. Bend county, a part of the R. D. Wood survey, by deed dated December 13, 1892; that Tobe Rivers died in the year 1913 survived by 10 children, to wit, Hiram, James, Edgar, who died intestate without issue; Nellie, who married Bell and died intestate, leaving surviving her five children, namely, Marie, Ann, Lee, Jessie and Johnnie; Josephine, who married Marshall, and died intestate leaving surviving four children, namely, Maud, Cora, Myrtle, and Lonnie; Robert, Bettie (plaintiff herein), William, Lou, who married Mayberry and died intestate, leaving surviving her Bragg, her only child; Polly, who died intestate leaving surviving her Ellen Sheppard, her only child; that in 1917 Daniel Cole and others brought suit in the district court of Ft. Bend county against all the parties above named, including the lunatic, Ellen Burton, and Tobe Rivers, deceased, and against Josephine Jamison, widow of Albert Jamison, and her children, and against the heirs of all the parties above named, in trespass to try title to certain land, including the 300 acres purchased by Tobe Rivers and Albert Jamison from Hargraves, and for partition thereof; that final judgment was entered in said suit in October, 1921, by which Robert Rivers, Ellen Sheppard, Ellen Burton, William Rivers, Bettie Griffin, and Bragg Mayberry were awarded title jointly to 207 acres of said land, same being fully described by metes and bounds in the judgment in that cause, against all other parties to that suit, the remainder thereof being adjudged to T. D. Cobbs and others, plaintiffs in the above-mentioned suit.

The court found, further, that Robert Rivers, acting for himself and as next friend for his mother, Ellen Burton, joined by William Rivers, Ellen Sheppard, and Bettie Griffin, instituted suit against Hiram Rivers and Hattie Rivers, and that on the 4th day of November, 1919, judgment was rendered in such suit, divesting title out of Hiram and Hattie Rivers and vesting title in Ellen Burton, William Rivers, Robert Rivers, Bettie Griffin, and Ellen Sheppard to the 207 acres of the Hargraves tract and to the 100-acre tract purchased by Tobe Rivers from George West; that thereafter, to wit, in the early part of the year 1920, Hiram Rivers, Robert Rivers, William Rivers, and Bettie Griffin brought suit in the district court of Ft. Bend county against Ellen Burton and Hattie Rivers, divorced wife of Hiram Rivers, same being cause No. 11001 on the docket of said court, praying that the judgment above described, of date November 4, 1919, be set aside, in so far as it decree that Hiram Rivers be divested of all title to the two tracts of land involved in the suit, upon the allegations that the judgment was entered by mistake. Relative to this suit and judgment, the court finds that the plaintiff prayed for judgment against Hattie Rivers and Ellen Burton, and that at the October term of court, 1920, judgment was entered in said cause, amending the judgment theretofore entered under date of November 4, 1919, decreeing that the title to said two tracts of land be vested in Robert Rivers, Hiram Rivers, William Rivers, Ellen Sheppard, and Bettie Griffin, and divested out of Hattie Rivers and Ellen Burton. The court finds that said former decree "was wrongfully entered in so far as it divested title out of Ellen Burton," and that it was not final, in that same did not dispose of the interest of Bragg Mayberry in the land.

The court further found that Albert Jamison died intestate and left surviving him his wife, Josephine, and certain children, defendants in this cause; that said defendant requested that any interest in the land involved belonging to them be set aside to them jointly and in the name of Josephine Jamison.

Upon the facts so found, as above stated, the court found:

"That said Josephine Jamison and the said children of Albert Jamison are the sole owners and are by law entitled to one-half interest in the said tract located in the Peter Conrad survey containing 207.63 acres, described more particularly hereinabove, and that the said Josephine Jamison owns the one-half part of such interest in her individual right and is entitled to a life estate in the portion of such interest belonging to the children of Albert Jamison, said land being her homestead at the time of and since the death of Albert Jamison, and Hiram Rivers, Robert Rivers, William Rivers, Ellen Shepherd, as the surviving heirs of Polly Rivers, Bettie Griffin, and Bragg Mayberry, as the survivor of Lou Rivers Mayberry, are jointly entitled to a one-fourth interest in said tract of land in the Peter Conrad survey, and that the interest of said Lou Rivers Mayberry, deceased, in said land is vested one-half in Bragg Mayberry an one-half in the said Robert Rivers, Hiram Rivers, William Rivers, Ellen Shepherd, and Bettie Griffin, and that the said Ellen Burton is entitled to a one-fourth interest in said tract of land in the Peter Conrad survey, giving to Robert Rivers, William Rivers, Hiram Rivers, Ellen Shepherd and Bettie Griffin, each, an undivided $11/240$ interest, or part, of the Peter Conrad survey, and to Bragg Mayberry a $5/240$ interest or part of the Peter Conrad survey; and the court is of the opinion and further finds that Robert Rivers, Hiram Rivers, Bettie Griffin, Ellen Shepherd, William Rivers, and Bragg Mayberry are the sole owners and are by law entitled to said tract of land containing 102 acres located in the R. D. Wood survey above described, and that the interest in said land of Lou Rivers Mayberry, deceased, is vested one-half in the said Bragg Mayberry and one-half in the said Robert Rivers, Hiram Rivers, William Rivers, Ellen Shepherd, and Bettie Griffin, giving the said Robert Rivers an undivided $11/60$ interest and to Hiram Rivers an undivided $11/60$ interest and to Ellen Shepherd an undivided $11/60$ interest, and to Bettie Griffin an undivided $11/60$ interest, and to Bragg Mayberry an undivided $5/60$ interest in said tract of land; and the court is of the opinion and further finds that the said Hiram Rivers is entitled to said improvements constructed by him upon said tract of land in the Peter Conrad survey, and that William Rivers is entitled to the improvements constructed by him on the said tract of land in the Peter Conrad survey, and that the said Josephine Jamison is entitled to any improvements constructed by her on said tract in the Peter Conrad survey."

Upon such findings the court rendered judgment ordering that a partition of the two tracts of land be made among the parties named as follows:

"In the tract of land containing 207.63 acres out of the Peter Conrad survey described as aforesaid: To the plaintiff Bettie Griffin $11/240$ interest, or part; to the defendant Robert Rivers, $11/240$ interest or part; to the defendant Hiram Rivers $11/240$ interest or part with improvements; to the defendant Ellen Shepherd $11/240$ interest or part; to the defendant William Rivers, $11/240$ interest or part, with improvements; and to Bragg Mayberry a $5/240$ interest, or part thereof; to the defendant Ellen Burton a one-fourth interest or part; to the defendant Josephine Jamison a one-fourth interest or part in her individual right, and a one-fourth interest to her for the benefit of the said children of Albert Jamison, as aforesaid, which last interest is subject to a life estate of the said Josephine Jamison, with her said improvements, as aforesaid. In the tract of land containing 102 acres out of the R. D. Wood survey described as aforesaid: To the said Robert Rivers a $11/60$ interest or part; to Hiram Rivers a $11/60$ interest or part; to William Rivers a $11/60$ interest or part; to Ellen Shepherd a $11/60$ interest or part; to Bettie Griffin a $11/60$ interest or part; and to Bragg Mayberry a $5/60$ interest in said tract of land."

Commissioners were appointed to make partition of the land in accordance with the judgment rendered.

Hiram Rivers, William Rivers, James Rivers, and Josephine Jamison have appealed.

No attack is made, either in the record or in the brief of any of the parties, upon the judgment rendered in favor of Josephine Jamison. From the facts shown, no judgment greater than that rendered in her favor could have been legally rendered, and no contention is made to the contrary. We can conceive of no reason why she should have become an appellant in this cause, and, such being the case, we shall not further discuss her connection with the case.

For cause of reversal of so much of the judgment as awards to Ellen Burton and Bettie Griffin a part of the land, appellants James Rivers, William Rivers, and Hiram Rivers insist that the court erred:

First, in not sustaining their plea of limitation of 5 and 10 years in bar of the rights of Ellen Burton and Bettie Griffin to any recovery.

Second, in adjudging that Bettie Griffin was a child born to Tobe and Ellen Rivers, while they were husband and wife, and in awarding to her any part of the land in controversy.

Third, in awarding to Ellen Burton any part of the land, as all the evidence showed that title to the land was the separate estate of Tobe Rivers, as it had been acquired by him after his separation from Ellen Burton.

Fourth, in admitting in evidence the testimony of Robert Rivers over the objection of appellants, as shown in appellants' bill of exception No. 1.

Fifth, in permitting Ed Risinger, guardian ad litem for the lunatic, Ellen Burton, to file a trial amendment and cross-action, for the reason "that the same is wholly insufficient in law; that the matters undertaken to be set up would be in the nature of ·a suit to remove cloud on title to the land in controversy, and to set aside several decrees of the court that have been rendered more than 4 years ago and more than 5 years ago and more than 10 years ago; that the same is too late and is barred by the statute of limitations; that said trial amendment is wholly defective and insufficient in law, because it undertakes to decree title to real estate in a proceeding wherein no process is asked for against any of the parties in this suit that are defendants in this suit; that allowing the same to be filed and considered would necessitate the citation of Josephine Jamison, Josephine Marshall, John Marshall, and other defendants, none of whom are before the court in answer to any suit whereby Ellen Burton, the lunatic, or her next friend; that the filing of the same would necessitate the opening of this whole proceeding, and bringing all the different parties before the court on new pleadings on which they should be given the right to file a well-considered answer and be represented by their attorney."

Sixth, in setting aside so much of the judgment in cause No. 11001, styled Robert Rivers et al. v. Ellen Burton, a Lunatic, as purports to divest said lunatic of any interest in the 207-acre tract, a part of the Conrad survey, upon a finding that such part of said judgment was obtained by fraud and collusion between F. M. O. Fenn, appointed by the court in that cause as guardian ad litem of the lunatic and the plaintiffs in said suit, because there was no evidence to show such fraud or collusion nor any pleading filed which would in equity or law authorize the court in setting aside so much of said decree.

Seventh, in not awarding to James Rivers an interest in all of the land in controversy, as he was a son of Tobe Rivers, deceased.

Eighth, in finding that Tobe Rivers acquired the land in the Conrad survey by purchase before the divorce was had between Tobe and Ellen Rivers, now Ellen Burton.

Ninth, in finding that Robert Rivers, Ellen Burton, William Rivers, Bettie Griffin, and Bragg Mayberry recovered from all other parties a two-thirds interest in the 207 acres of the Conrad survey, in the suit of Daniel Cole et al. v. Tobe Rivers et al., as said defendants had no pleadings in cross-action in such suit and the decree rendered therein was only a relinquishment in compromise of the plaintiffs' suit.

We overrule appellants' first contention. It is shown that after Tobe Rivers purchased the land he moved upon it and occupied it as his home until he died in 1913;

that when he died some of his children, appellants here who are now asserting title by limitation, remained upon the land, cultivating parts thereof. There are no facts tending to show that any kind of notice was given to either Bettie Rivers or Ellen Burton that appellants were holding or intending to hold possession of the land adversely to either Bettie or Ellen. In such circumstances, appellants were in possession as cotenants or tenants in common, and such possession did not put the statutes of limitation in operation. The fact that appellants, while in possession as such cotenants, were cultivating and using the land and paying taxes due thereon and making certain improvements thereon were not such acts as would constitute notice to cotenants, not in possession, that they were holding adversely to such cotenants.

We overrule appellants' second contention. The evidence was sufficient to support the finding of the court that Bettie Griffin was a child of Tobe Rivers. Dr. Goldsmith and, John Brown, a son of Ellen Burton by her first husband, James Brown, disinterested witnesses, testified that Bettie Griffin was the child of Tobe Rivers and Ellen, born to them after their marriage. Robert Rivers, a son of Tobe and Ellen, testified that Bettie was the child of Tobe and Ellen, born to them after their marriage. Charlie Hood testified that at the time Ellen married Tobe she had only one child, John Brown; that he knew Bettie Griffin and had known her ever since she was born, and knew that she was born after Tobe and Ellen were married and while they were husband and wife; that Robert was the first-born of that marriage. It is recited in the decree divorcing Tobe and Ellen in 1888 as follows:

"It is further decreed that plaintiff have the custody of the child, the issue of the marriage, named Bettie Ann Rivers."

It was also shown that in the various suits in which the Rivers heirs were interested Bettie was assumed to be a child of Tobe Rivers, except in this suit.

We overrule appellants' third contention. The undisputed evidence shows that the 207 acres of land, a part of the Conrad survey, was purchased from Hargraves by Tobe Rivers before he was divorced from Ellen Burton in 1888, and while they were husband and wife, and therefore community property of the two.

Appellants' fourth contention is overruled. The bill of exception No. 1 states that while Robert Rivers was testifying he was asked to state whether or not he had authorized suit to be brought in cause No. 11001, styled Robert Rivers et al. v. Ellen Rivers, alias Ellen Burton, filed August 21, 1920, in the district court of Ft. Bend county, Tex., and to state what occurred and what he did in relation thereto; that over the objection of attorney for defendants Hiram Rivers,

Josephine Jamison, William Rivers, and Robert Rivers, he was permitted to testify as follows:

"I have not known at any time since the October term in 1920 of this Court that a judgment was recovered in my favor and in favor of Hiram Rivers, William Rivers, Ellen Rivers, Jr., and Bettie Griffin against my mother, decreeing that the interest in those lands out there vested in her in a former suit were vested in me. I never knew that at any time. In that suit in which it was corrected as to Hiram, that Judge Gibson has just been asking about, I did not intend that suit to cut my mother clean out of it; my mother's name was not brought up in the compromise. I had recovered for my mother her interest in that property in the other suit, but we didn't mention Hiram in this first suit, but in the second suit; it was my intention merely to correct it so that Hiram would get his part, and not the intention to take my mother's part out of it."

It is apparent that the nature of the objection made to the admitted testimony is not stated in the bill to which we are referred. It is well settled that where objection is made to the introduction of certain evidence, but the bill of exceptions fails to show what the objection was, it will not be considered. Whisenant v. Schawe (Tex. Civ. App.) 141 S. W. 146; Campbell v. Prieto (Tex. Civ. App.) 143 S. W. 668; First Nat. Bank v. Powell (Tex. Civ. App.) 149 S. W. 1096; Minor v. Powers (Tex. Civ. App.) 38 S. W 400.

We overrule appellants' fifth contention. The trial court found that in the suit of Cole et al. v. Tobe Rivers et al., in which cause the appellants were parties, a decree was rendered vesting the title to the 207 acres of land in the Conrad survey in Robert Rivers, Ellen Sheppard, *Ellen Burton*, William Rivers, Bettie Griffin and *Bragg Mayberry*, and divesting out of Hiram Rivers, Hattie Rivers, James Rivers, and all other parties to the suit title to said land; that while the suit of Cole et al. v. Tobe Rivers et al., filed in 1917, was pending awaiting a report of the commissioners of partition, and the entry of a final decree in said cause, Robert Rivers, for himself and as next friend for his mother, Ellen Burton, joined by William Rivers, one of the appellants herein, and by Ellen Sheppard or Shepherd, and Bettie Griffin, brought suit against Hiram Rivers, also one of the appellants herein, and against Hattie Rivers; that on November 4, 1919, judgment was rendered in such suit divesting any and all title which Hiram Rivers and Hattie Rivers had in the two tracts of land involved in this suit out of them and vesting the same in Ellen Burton, William Rivers, Robert Rivers, Bettie Griffin, and Ellen Sheppard or Shepherd; that shortly after the rendition of such judgment, Robert Rivers, William Rivers and Bettie Griffin brought suit against Ellen Burton and Ellen Sheppard or Shepherd for the purpose only of having Hiram Rivers reinvested with his interest in the two tracts of land, said suit being numbered 11001 on the docket; that in such suit judgment was not only rendered reinvesting Hiram Rivers with the title of which he had been divested in the other suit, but by the judgment rendered in the cause Ellen Burton was divested of any interest in the land.

It is shown that in the progress of the trial in the present case counsel for Ellen Burton was offering evidence to show that by the judgment rendered in cause No. 11001 Ellen Burton could not be divested of her interest in the land, in that there were no allegations nor prayer in the plaintiffs' petition in that cause authorizing the rendition of such judgment, and in that the rendition of such judgment was obtained by fraud and collusion entered into between the plaintiffs whereby they might acquire the interest of the lunatic, Ellen Burton, in said land, and to show the fact that by said judgment it was decreed that title was divested out of Ellen was not known to her or to her son, Robert Rivers, who was instrumental in the institution of the suit; that some kind of objection was urged to the reception of such evidence, and the court permitted the guardian ad litem for Ellen Burton to file a trial amendment and cross-action; that said guardian ad litem did file the trial amendment and cross-action hereinbefore set out.

The trial amendment so filed, as already shown, substantially charges that the plaintiffs in the institution and prosecution of cause No. 11001 colluded and conspired to fraudulently acquire the interest of Ellen Burton, a lunatic, in the 207 acres of land involved in this suit; that Ellen Burton had no knowledge of the formation of such collusion and conspiracy until this suit had been filed and was proceeding to trial.

We are not prepared to hold that the court erred in permitting the trial amendment to be filed. It is provided by statute and rules of the court that the allowance of trial amendments are within the discretion of the trial court. The court is required, in the interest of justice, to grant leave to amend in proper cases, and it is error to arbitrarily refuse. Dickinson v. Dysart (Tex. Civ. App.) 237 S. W. 615; Kanner v. Startz (Tex. Civ. App.) 203 S. W. 603; Gwinn v. O'Daniel, 5 Tex. Civ. App. 112, 23 S. W. 851; Keppler v. Lumber Co. (Tex. Civ. App.) 184 S. W. 353, at page 354, column 2; Western Union Telegraph Co. v. Bowen, 84 Tex. 476, 19 S. W. 554; First Nat. Bank of Austin v. Sharpe, 12 Tex. Civ. App. 223, 33 S. W. 676.

The allowance or refusal of a trial amendment rests largely in the discretion of the trial judge, which discretion will not be disturbed in the absence of a clear showing of abuse thereof. Dublin v. Ry. Co. (Tex. Civ.

App.) 49 S. W. 667; Fields v. Rye, 24 Tex. Civ. App. 272, 59 S. W. 306; White v. Bank, 27 Tex. Civ. App. 487, 65 S. W. 498.

Nor are we prepared to hold that the court was not justified in setting aside so much of the judgment rendered in cause No. 11001 as divested out of Ellen Burton all of her interest in the 207-acre tract involved in this suit, upon the evidence offered to support the allegations of Ellen Burton of fraud and collusion on the part of the plaintiffs in said cause in procuring the judgment therein rendered.

The court had before it the pleadings in cause No. 11001. It had evidence that the plaintiffs in cause No. 11001 had in several suits alleged that Ellen Burton was an owner of a part of said tract of 207 acres of land. It was apparent to the court that the plaintiffs in cause No. 11001 knew that Ellen Burton owned an interest in said land, and that they had so alleged in the several suits theretofore filed by them, and that they knew that Ellen Burton was the wife of Tobe Rivers at the time he purchased said land. It also had before it the testimony of Robert Rivers, which we have hereinbefore partially set out, which tends to establish the allegation that that part of the judgment in cause No. 11001 which divested Ellen Burton of her interest in the land was procured by fraud and collusion.

■ Appellants are not entitled to a reversal of the judgment upon their contention that they were surprised by the action of the court in permitting the trial amendment to be filed. They made no application upon the filing of the trial amendment for permission to withdraw their announcement of ready for trial and for a postponement or continuance of the cause upon the ground of surprise because of the filing of the amendment.

■■ What we have said in the discussion of appellants' fifth contention disposes of the sixth contention adversely to such contention. We think the evidence and allegations of the trial amendment were sufficient to support the conclusion reached by the trial court that the judgment in cause No. 11001 was wrongfully rendered as against Ellen Burton.

After a careful examination of the statement of facts, we find that James Rivers is a son of Tobe Rivers, deceased, and that as such son he inherited a one-tenth undivided interest in the two tracts of land involved in this suit; that he was a party defendant in the suit of Daniel Cole et al. v. Tobe Rivers et al., and that in such suit it was adjudged that Robert Rivers, Ellen Shepherd, Ellen Burton, William Rivers, Bettie Griffin, and Bragg Mayberry were the joint owners of the one-half of the 207-acre tract owned by Tobe Rivers at the time of his death, and that the title thereto be vested in said parties and divested out of all other parties to the suit, among whom was James Rivers. Such judgment was rendered and became final in the year 1921. It is apparent that by such judgment James Rivers was divested of any interest he owned in the 207 acres prior to the rendition of such judgment. But we find that he has never been divested of his interest in the 100-acre tract which he inherited from his father, Tobe Rivers, by any judgment or instrument apparent from the facts shown. We therefore find that appellant James Rivers is the owner of a one-tenth undivided interest in said last-mentioned tract of land. We therefore sustain appellants' seventh contention and reform the judgment of the trial court so as to adjudge to James Rivers a one-tenth undivided part of the 100-acre tract, and to Robert Rivers, Hiram Rivers, William Rivers, Ellen Shepherd, and Bettie Griffin and Bragg Mayberry the remaining 90 acres thereof, in proportions as adjudged to them by the court in the judgment in this cause.

We overrule the eighth contention for reasons hereinbefore stated, it being shown by the undisputed evidence that the 207 acres of land was purchased by Tobe Rivers and Albert Jamison before Tobe Rivers and Ellen Rivers, now Ellen Burton, were divorced.

■ We overrule the ninth contention, as there is no showing of the pleadings in the suit of Cole et al. v. Tobe Rivers et al.; and since the court in that case adjudged to Robert Rivers, Ellen Burton, William Rivers, Bettie Griffin, and Bragg Mayberry title to the Tobe Rivers interest in the 207-acre tract of land and decreed that all other parties to such suit be divested of any and all interest therein, we must presume that the pleadings were sufficient to support the decree rendered in the suit.

Having reached the conclusions herein expressed, it is ordered that the judgment of the trial court be reformed as above indicated and directed, and that the same in all other respects be affirmed.

Reformed and affirmed.