## LEVERETT et ux. v. LEVERETT et al.
### No. 4299.

Court of Civil Appeals of Texas. Texarkana.
April 6, 1933.

Rehearing Denied April 13, 1933.

254

JOHNSON, Chief Justice (after stating the case as above).

■ With reference to the purported sale or gifts of the interests under consideration to H. P. Leverett, the jury in answer to issues submitted found: That H. P. Leverett and wife on or about July, 1894, entered into a contract with W. B. Leverett and C. C. Leverett, whereby W. B. Leverett and C. C. Leverett agreed to give their interest in the land in controversy to H. P. Leverett and wife, in consideration that they repair and put into living condition the house on the place, and keep and care for their mother the remainder of her natural life. The letter of W. B. Leverett constituted a sufficient memorandum in writing of the contract of sale or gift by him to meet the requirements of the statute of frauds, R. S. article 3995, which provides:

"No action shall be brought, in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized: * * *

"4. Upon any contract for the sale of real estate. * * *"

See Mondragon v. Mondragon, 113 Tex. 404, 257 S. W. 215.

■ Whether the agreement, of which the letters constitute a memorandum, be treated as a gift or sale, it passed the equitable title to H. P. Leverett, subject to being defeated only by his failure to discharge the consideration, after the performance of which it became superior to the legal title held by W. B. Leverett, "and a court of equity will compel a specific performance, by decreeing a conveyance by the vendor, of the legal title." Vardeman v. Lawson, 17 Tex. 11; Newsom v. Davis, 20 Tex. 419. It is not necessary that the written memorandum recite all the terms of the agreement or state the consideration. Morrison v. Dailey (Tex. Sup.) 6 S. W. 426; Fulton v. Robinson, 55 Tex. 401. For it is the contract, of which the writing is merely a memorandum, that is being enforced. The statute of frauds does not declare a verbal contract for the sale of real estate illegal or void, but merely provides a means of successful resistance when the statute is not complied with. It is not the compliance with the statute that constitutes the contract. The statute presupposes its legality and enforcement of which only is suspended unless the contract or some memorandum thereof be reduced to writing and signed by the party to be charged therewith. Simpson v. Green (Tex. Com. App.) 231 S. W. 375.

■ But as to C. C. Leverett, the sale or gift was purely parol concerning which noth-

Goree, Odell & Allen, of Fort Worth, Clifford Stone, of Henderson, and G. A. Walters, of San Saba, for appellants.

Phillips, Trammell, Chizum, Price & Estes, of Fort Worth, Smith & West, of Henderson, Joe E. Estes, of Tyler, T. J. Arnold, of Houston, Lasseter, Simpson & Spruiell, of Tyler, and Margaret Clark, of Longview, for appellees.

ing was written and signed by him to constitute a memorandum thereof. But appellees contend that the facts of this case take such parol sale or gift out of the statute of frauds. We cannot agree with this contention. Courts of equity have enforced verbal sales of real estate, to prevent actual fraud, when the following facts are proven: (1) Payment of the consideration by the purchaser, (2) surrender of the possession by the vendor to the vendee, and (3) the making of valuable and permanent improvement upon the land by the vendee with the consent of the vendor; or without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. This rule is a departure from the statute; and the facts of each case where it is invoked must come within the rule; for our courts have repeatedly refused to further relax it. The statute of frauds is a well-known and easily complied with provision of our law. Its purpose is to rest the security of land titles upon a more certain basis than verbal testimony; and it is not concerned with mere injury or loss to those who fail to obey it. Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216. Plaintiffs' facts do not comply with the second (2) element of the above rule of exception to the statute. At the time the verbal sale was entered into between C. C. Leverett and the plaintiffs, C. C. Leverett was not entitled to possession of the land. The mother had and was entitled to continue in the exclusive possession of the land as her homestead until her death, unless she sooner sold or abandoned it. No *surrender of possession* could be made by C. C. Leverett to H. P. Leverett under the contract. There is strong reason for the requirement of delivery of possession by the vendor to the vendee, in that without it the existence of the contract rests altogether on parol evidence, which common experience has shown to be too unstable and uncertain to be permitted to work a divestiture of title to land. If, however, the purchaser be *let into possession by the vendor*, there is furnished by an affirmative act of the owner himself a corroborative fact that the contract was actually made. It is a visible affirmative corroboration of and consistent with the contention of the existence of the contract, and inconsistent with the previous rights of the grantor and a stranger to the title. However, the possession must be referable to the claim of parol sale or gift, and not consistent with any previous right of possession of the grantee in the property. When Mrs. E. A. Leverett sold to H. P. Leverett, then her homestead right ceased, and C. C. Leverett and H. P. Leverett, aside from the parol contract, were tenants in common, equally entitled to possession of the land. The possession of H. P. Leverett was then consistent with his right of cotenancy with C.

C. Leverett, and there could be no such surrender of possession by C. C. Leverett as would constitute a visible and affirmative corroboration of the contention of the existence of the contract, inconsistent with H. P. Leverett's rights as such cotenant. For this reason the verbal contract depended wholly for its proof upon parol testimony, and cannot be enforced. Munk v. Weidner, 9 Tex. Civ. App. 491, 29 S. W. 409; King v. Hartley, 71 Ind. App. 1, 123 N. E. 728. Proof of payment is not sufficient corroboration because it is wholly dependent upon parol testimony. Improvements are not sufficient because not inconsistent with the rights of cotenancy, and such equities are adjusted upon partition between the cotenants. Hooks v. Bridgewater, supra.

The jury found in favor of plaintiffs on each of their pleas of limitation, and the finding is supported by the evidence. But the appellants claim that there was no proof that notice was given to C. C. Leverett of H. P. Leverett's adverse claim. The law is well settled that before a cotenant in possession can start the statutes of limitation running against his cotenants it must appear that he had repudiated their title and is holding adversely to it; and notice of such adverse holding must be brought home to them, either by information to this effect given to them by the cotenant asserting the adverse right, or by such acts of unequivocal notoriety in the assertion of such adverse and hostile claim that they will be presumed to have notice of such adverse claim. Fowler v. Hardee (Tex. Civ. App.) 16 S.W.(2d) 154; Rivers v. Griffin (Tex. Civ. App.) 16 S.W.(2d) 874. And the registration of a deed from one cotenant to a cotenant in possession will not of itself operate as notice to the other cotenants of the adverse character of the possession of the cotenant grantee. Arrington v. McDaniel (Tex. Com. App.) 14 S.W.(2d) 1009; Ford v. Weisher (Tex. Civ. App.) 253 S. W. 958. But the contracts of sale or gift found by the jury to have been made by C. C. Leverett and W. B. Leverett to H. P. Leverett *constituted sufficient notice within* themselves that H. P. Leverett's subsequent possession was adverse, and the consideration having been fully performed upon the death of Mrs. E. A. Leverett, there was no impediment to the running of the statute of limitation subsequent thereto. However, appellants contend there was a break in the possession of H. P. Leverett by virtue of the execution by H. P. Leverett and wife of an oil and gas lease conveying seven-eighths of the minerals in and under 133 acres of the land to G. B. Turner, on December 13, 1919. It was what is known as a producer's oil and gas lease, and there being no production thereunder, the mineral interest thereby conveyed reverted to lessors at the expiration of its term, five years. The rule applicable to the facts under

consideration in this case appears to have been well stated in the case of Clements v. Texas Co. (Tex. Civ. App.) 273 S. W. 993, 1005, as follows: "But a severance by one in possession, who has not yet matured a title, does not abandon, limit, or qualify his possession for the purpose of ripening a title against the true owner out of possession; and that, as against such disseized owner, the continued possession of a trespasser after severance, as before, is adverse, and that such possession continued by either the trespasser or the third person to whom he severs will mature a title by limitation to the entire tract as against such disseized owner.". The assignment is overruled.

Appellants have presented a number of other assignments, each of which we have duly considered; but, finding no error presented, they are respectfully overruled.

The judgment of the trial court is affirmed.